## STATE EX REL. ROBISON, RELATRIX, v. DISTRICT COURT
### ET AL., RESPONDENTS.

(No. 4,491.) ·

(Submitted November 17, 1919.   Decided December 17, 1919.)

[186 Pac. 335.]

*Supervisory Control — Husband and Wife — Divorce — Temporary Alimony — Separation Agreement — Public Policy—Marriage—Presumptions.*

Husband and Wife—Separation Agreement—Effect on Obligations of Husband.
    1.   By an agreement between husband and wife for a separation which is not immediately carried into execution, the former does not relieve himself from his obligation to support the wife.

Same—Agreements—Strict Construction.
    2.   Under section 3694, Revised Codes, agreements between husband and wife are to be scrutinized most carefully and construed most strictly, in view of the confidential and fiduciary relations between them.

Same—Separation Agreement—When Void.
    3.   An agreement between husband and wife whereby the former is absolved from the legal obligation to support the latter should, in the absence of a compliance with the provisions of section 3695, Revised Codes, be held void as against public policy.

Same—Separation Agreement—Release from Support of Wife—Burden of Proof.
    4.   Where the husband, on application by his wife for temporary alimony pending determination of an action for divorce, relied upon a separation agreement as a bar to her right to relief, the burden rested upon him to allege and prove that the agreement complied in all respects with the statute, section 3695, Revised Codes.

Same—Marriage—Presumptions.
    5.   Marriage being established, the presumption follows that at the time the wife made application for temporary alimony, suit money, *etc.*, the parties continued to live together as husband and wife, nothing appearing in the husband's complaint for divorce or an alleged separation agreement affirmatively showing an actual separation.

Contracts—Interpretation.—Duty of Courts.
    6.   Courts cannot make new contracts for parties, but, where there is no ambiguity, will interpret them by the language used therein.

Original application for writ of supervisory control, by the State on the relation of Zarella D. Robison, to annul an order of the District Court of Beaverhead County, W. H. Poorman, a Judge of the First Judicial District in and for the County

of Lewis and Clark, presiding, vacating an order made by George B. Winston, of the Third Judicial District, Judge presiding, allowing relatrix temporary alimony and attorneys' fees. Order annulled.

*Messrs. Pease & Stephenson, Messrs. Nolan & Donovan* and *Mr. Geo. Bourquin,* for Relatrix, submitted a brief and one in reply to that of Respondents; *Mr. Bourquin* argued the cause orally.

*Messrs. Rodgers & Gilbert* and *Mr. John G. Brown,* for Respondents, submitted a brief; *Mr. Brown* argued the cause orally.

MR. JUSTICE HURLY delivered the opinion of the court.

On or about July 2, 1918, C. W. Robison commenced action against relatrix for divorce. The defendant appeared and made application for temporary alimony, attorneys' fees and suit money, and upon the hearing, Honorable George B. Winston, judge of the district court of the third judicial district, who, at the request of the judges of the fifth judicial district, had been called upon to preside, made an order dated July 30, 1918, requiring the plaintiff to pay to defendant $75 per month as alimony, and $250 as and for attorneys' fees. Upon such hearing there was introduced and received in evidence an agreement reading as follows:

"This agreement witnesseth: That the said party of the first part [defendant], for and in consideration of the sum of two thousand dollars ($2,000), cash in hand paid, by said second party [plaintiff], the receipt of which is hereby acknowledged by said first party, and in consideration of other good and valuable considerations, does hereby surrender, release and waive any and all rights, claims or demands of whatsoever kind or nature that she may have at this time or that she may hereafter acquire in or to any of the property of said second party hereto whether said property be real, personal or mixed. For

and in consideration of the covenants and agreements herein mentioned and contained said first party expressly surrenders and waives any and all claims or rights of dower, support or alimony, or any other claim or demand, of whatsoever kind or character, which said party of the first part may have at this time or which she may hereafter acquire in, to or against the property or property rights of said second party. Said second party expressly waives and surrenders any and all claims of whatsoever kind or character that he may now or that he may at any time hereafter acquire in, to or against the property or property rights of said first party. Each of the parties hereto agrees, at the request of the other, to sign any and all papers necessary to transfer any property, real or personal, now owned or hereafter acquired by either of the parties hereto, and each party expressly waives any and all right in or to the property of the other now owned or hereafter acquired by either of said parties, and should either of the parties hereto fail, refuse or neglect to sign any transfer of property, or papers for the transfer of any property belonging to the other at any time the said party failing or refusing to sign hereby waives any and all rights that said party so failing or refusing to sign shall or may have in or to the property of the other.''

There was also testimony offered by the relator that after the date of said agreement and until the month of November, 1917, the relator and the plaintiff cohabited together as husband and wife. After the determination of said motion, the plaintiff disqualified Judge Winston, and on the nineteenth day of February, 1919, moved the court to set aside and vacate said order upon the ground that the agreement heretofore referred to, had been entered into between the parties and that, by reason of the same, defendant had waived any claims for alimony or support from the plaintiff, and that the court was not warranted in granting defendant alimony by reason thereof. Honorable E. M. Lamb, judge of the district court of the second judicial district, presiding at request, after hearing,

denied said motion.  Upon the fifteenth day of March, 1919, relator presented a new application asking that the plaintiff be required to pay an additional suitable sum for attorneys' fees and suit money for the defense of the action, and a further sum as alimony.  On the third day of June, 1919, the plaintiff made application that the order made by Judge Winston be set aside upon the ground that the order was "excessive and unjust and not equitable between the parties; that the defendant has left the state for the purpose of avoiding the trial of the issues, and intends to continue so to do upon the pretense of ill health; that the defendant has ample means for her immediate needs and support"; that upon the twelfth day of July, 1915, the parties had entered into the agreement heretofore referred to; that under and by virtue of the terms of such agreement the plaintiff has paid and delivered to the defendant in said action the sums and property therein provided for, and that she has never returned, or offered to return, the benefits which she received under said agreement.  Honorable W. H. Poorman, a judge of the district court of the first judicial district, presided at the hearing upon said motion on August 16, 1919, and denied the defendant's application for additional alimony, suit money and attorneys' fees, and by the same order vacated and set aside the said order so made by Judge Winston on July 30, 1918.

A petition setting forth these facts was filed in this court, alleging that by the setting aside of the said order, the defendant in said action (relatrix here) has no means of living and of defending the action for divorce, and that she has no plain, speedy and adequate remedy, and asking that a writ of supervisory control, or such other writ or process as may by the court be deemed just and proper be issued.  There was also filed in support of the petition an affidavit made by relatrix stating that she is in indigent circumstances and suffering from tuberculosis, and consequently unable to earn her livelihood. An order to show cause was issued upon the petition and affidavit.  Respondent appeared and moved that the order to show

cause be quashed because the relatrix had a remedy of appeal and that the petition does not state facts sufficient to entitle her to the relief asked for. A return was also made to the order to show cause, among other things setting forth, by reference, the court files in the divorce action.

By the memorandum made a part of the order which revoked the order of Judge Winston, it is shown that the same was based entirely upon the rule announced by this court in *Lee v. Lee,* 55 Mont. 426, 178 Pac. 173, and that, in the opinion of the district court, by reason thereof, the contract between the plaintiff and the defendant in the divorce action was a bar to defendant's right to recover alimony, *etc.,* from the plaintiff. In the *Lee Case, supra,* the agreement differed in many important respects from the one in question here. As stated in the opinion by Mr. Justice Cooper, in that case the complaint of the husband alleged that the parties had agreed on March 6, 1917, to live separate and apart, and the fact of so living apart from that date until the filing of the complaint, was alleged and proven. The agreement in that case also recites: "Whereas, on account of divers and sundry unhappy differences existing between us, * * * which renders it impossible for us to live together as husband and wife, Now, therefore, this agreement * * * witnesseth, that the parties hereto have agreed that they will from this day forward live separate and apart, as though unmarried, and that neither shall have any control whatever over the actions, place of abode or manner of living of the other. This agreement is not made with any view to either of the parties hereto obtaining a divorce from the other, but either party shall be at liberty to apply for a divorce at any time he or she may so desire, the same as though this agreement were not made. In consideration of this agreement to live separate and apart, the parties hereto have agreed upon a division of their property interests as follows." Then follow the provisions for division and settlement of property rights, concluding with the paragraph inserted in the written opinion. It was held that such an agree-

ment, fair on its face and voluntarily entered into, constituted
a separation agreement, when accompanied by an actual separa-
ration and living apart following its execution, in the absence
of an attack upon its validity.

Among the statutory provisions applicable to this question,
are:

"Sec. 3690.   Husband and wife contract toward each other
obligations of mutual respect, fidelity and support."

"Sec. 3692.   The husband must support himself and wife
out of his property or by his labor.   If he is unable to do so,
she must assist him as far as she is able."

"Sec. 3694.   Either husband or wife may enter into any en-
gagement or transaction with   the   other, or with any other
person, respecting property, which either might, if unmarried,
subject in transactions between themselves to the general rules
which control the actions of persons occupying confidential re-
lations with each other, as defined by the title on trusts.

"Sec. 3695.   A husband and wife cannot, by any contract
with each other, alter their legal relations, except as to prop-
erty and except that they may agree, in writing, to an imme-
diate separation, and may make provision for the support of
either of them and of their children during such separation."

In *Stebbins* v. *Morris*, 19 Mont. 115, 47 Pac. 642, this court
said: "An agreement for a separation which is to take place
in the future is void as against public policy.   So, too, after
such an agreement is entered into, its terms must be imme-
diately complied with on peril of nullity.   And at the time of
the making of such an agreement the relations between the
husband and wife must be of such a character as to render the
separation a matter of reasonable necessity for the health or
happiness of the one or the other."

The Code enjoins upon the husband the duty to support the
[1]   wife, except that, when he is unable to do so, she must
render her assistance (sec. 3692).   They may not by any con-
tract alter their legal relations except as to property, and ex-
cept that they may agree in writing to an immediate separation,

and may make provision for the support of either of them and their children during such separation (sec. 3695). The agreement in question purports to settle property rights between the parties, but it does not by express terms *in writing,* or by implication even, provide for an immediate or any separation. The pleading of the plaintiff in the divorce action merely recites that the parties "finding and mutually agreeing that it was impossible for them to further agree or further live together, entered into a contract and agreement whereby, in consideration of the sum of $2,000 which was then actually paid to said defendant * * * , defendant released any and all right, claim or demands to support or alimony, * * * and that said agreement was entered into by and between the parties as and for a separation agreement * * * , and that defendant has never returned, or offered to return, the benefit which she received upon said agreement." Nowhere in the foregoing allegation is there a statement that, following the making of the agreement, the parties did immediately separate, or at all. If the parties do not immediately separate and thereafter live apart after the making of a separation agreement, the husband does not release himself from his obligation to support the wife (sec. 3695; *Stebbins* v. *Morris, supra*).

Under the statute (sec. 3694) agreements between husband [2, 3] and wife are to be scrutinized most carefully, and to be construed most strictly, in view of the confidential and fiduciary relations between them. Particularly an agreement whereby the husband is absolved from the legal obligation of support should be subject to this rule; and in the absence of a compliance with the statute, such agreement should be held void as against public policy.

The plaintiff in the divorce action having relied upon [4] the contract as a bar to defendant's recovery of money for her support, it was incumbent on him to allege and prove that which relieved him, as a matter of law, from his legal [5] liability. The marriage being conceded, the presumption follows that the parties continued to live together as husband

and wife, and there was nothing in the contract nor in the pleading to affirmatively show an actual separation.

Further, under the statute (sec. 3695) "a husband and wife cannot * * * alter their legal relation, * * * except that they may agree in writing, to an immediate separation, and may make provision for the support * * * during such separation." The very foundation of a separation agreement is that from which it derives its name, namely, an agreement to separate or live apart. All other is incidental thereto. The statute provides not that the husband may relieve himself from the obligation of support for the wife, but that, where they agree in writing to an immediate separation, they may make provision for the support of either during such separation. [6] Courts may not make new contracts for parties, and where there is no ambiguity, will interpret contracts by the language used therein. The contract making no declaration upon the subject of a separation can be regarded only as a mere property agreement, in no wise relieving the husband of his obligation to support his wife.

The contract not constituting a separation agreement, the motion to quash is denied, the order of August 16, 1919, vacating the order of Judge Winston of date July 30, 1918, is annulled, and the said order of July 30, 1918, reinstated.

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY and COOPER concur.