GOODWIN, APPELLANT, *v.* ELM ORLU MINING CO. ET AL., RESPONDENTS.

(No. 6,338.)

(Submitted June 30, 1928.  Decided July 25, 1928.)

[269 Pac. 403.]

154

*Mr. R. F. Gaines,* for Appellant, submitted a brief and argued the cause orally.

*Mr. James T. Fitzgerald,* for Respondent, Nancy J. Goodwin, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On March 27, 1927, Louis D. Goodwin, a married man, received injuries during the course of, and arising out of, his employment as a miner by the Elm Orlu Mining Company, of Butte, from which injuries he later died.

At the time of the injury Goodwin was receiving a wage of $4.75 per day and was working seven days a week, and at that time his wife, Winifred J. Goodwin, was not, and had for a period of four years not been, living with him, but for one year past he had been living in Butte with his mother, Nancy Jane Goodwin, toward whose support he was then contributing at least $18.50 per week.

The wife and mother each filed a claim with the Industrial Accident Board, the wife claiming compensation as a beneficiary, and the mother as a major dependent. To these claims the Elm Orlu Mining Company filed an answer which in effect conceded liability and consented to make payment of such compensation as was found to be payable to the claimant the board found to be entitled thereto.

A hearing was had before the chairman of the Industrial Accident Board and the facts were developed by oral testimony in which there was little substantial conflict. On those facts the board made findings of fact and conclusions of law in favor of the wife and ordered compensation paid to her. The mother appealed to the district court of Silver Bow county, where the matter was presented on the record made before the board. The court set aside the findings, conclusions and order of the board, made independent findings from which it drew conclusions of law, and thereon entered judgment in favor of the mother, awarding her $15 per week for a period of 400 weeks. From this judgment Winifred J. Goodwin has appealed.

1. The Elm Orlu Mining Company has not appealed, and therefore the sole question presented here is as to whether, under the facts adduced and the law as we find it, the widow is entitled to compensation as a "beneficiary," as the Compensation Act provides for compensation in the first instance to "beneficiaries" (sec. 2905, Rev. Codes 1921), which term includes the surviving wife or widow (sec. 2865, Id., as amended by Chapter 121, Laws of 1925) and provides for compensation to a "major dependent," which term includes a surviving dependent mother, only "if there be no beneficiaries" (sec. 2866, Rev. Codes 1921, as amended by Chapter 121, Laws of 1925).

If the widow is not entitled to compensation, she is not an "aggrieved" party and not entitled to appeal from the judgment in favor of the mother. (*In re Bernheim's Estate*, 82 Mont. 198, 266 Pac. 378.)

2. In support of her assignment that the court erred in setting aside the findings of the board, counsel for the widow contends that, since the court had before it the "cold record," it should not have overturned findings based upon disputed fact questions and was in no better position to determine the facts than is this court on the same record, and therefore this court is not bound by the findings of the dis-

156

trict court. We agree with this contention and have so declared. (*Morgan* v. *Butte Central Min. & Milling Co.*, 58 Mont. 633, 194 Pac. 496.)

However, the board, as a trier of fact, may not disregard uncontroverted credible evidence in making its findings (*Giebler* v. *Giebler*, 69 Mont. 347, 222 Pac. 436), and, where such evidence appears in the record, this court must consider it in conjunction with all other evidence in the case in determining whether the findings made are justified by the evidence as a whole. (*Fleming* v. *Consolidated Motor Sales Co.*, 74 Mont. 245, 240 Pac. 376.) This rule also applies to the district court in considering the findings made by the board. Further, the rule as to findings on disputed testimony does not apply to the conclusions of law reached by the trial court, or the board, on the evidence, and, although we give full credit and effect to the findings made by the board, we must still uphold the judgment of the district court, if the conclusions of law reached by the board are not correct, and, on all of the evidence, the widow was not entitled to compensation. (*Stepan* v. *Northern Pac. Ry. Co.*, 81 Mont. 361, 263 Pac. 425.)

The decisive question before the board with reference to the claim of Winifred J. Goodwin was as to whether the evidence adduced warranted a finding that she was legally entitled to be supported by Goodwin at the time of the injury he received, as section 2876, Revised Codes of 1921, provides that the terms used in defining a beneficiary mean "only a wife or widow living with, or legally entitled to be supported by, the deceased, at the time of the injury," and it is admitted that claimant was not then, and had not been for a period of four years, living with her husband.

The undisputed evidence is that, when she married Goodwin in 1916, claimant had four children by a former husband, ranging from ten to sixteen years of age, who were taken into the home with the consent of Goodwin. Five years later when the oldest child, a boy, was twenty-one years old, Good-

win insisted on his leaving home and earning his own living. The mother sided with the boy and a break resulted. Goodwin sold his interest in certain property, then owned by the couple in Idaho, to his wife, and left the family. Later a reconciliation was effected and the family went to Portland, Oregon, where the wife purchased a small house. Here the couple had further trouble over disagreements between Goodwin and the second boy, and a second separation resulted, followed by a second reconciliation. The husband and wife then lived together until February, 1923, when the husband demanded that the second boy, then nineteen or twenty years old, be required to leave home and that the wife deed him a one-half interest in the home. Both demands were refused and Goodwin left home never to return. In the fall of 1923 he came to Butte and lived with his mother, later becoming her sole support. From 1923 to 1925 Goodwin wrote his wife several letters offering her and her youngest daughter a home and requesting her to come to him. These requests she either refused or ignored.

The board took the position that the only proof necessary on the part of the claimant was that she was the wife of Goodwin and that it had no authority to deny a widow compensation on the ground that she was not entitled to support by reason of desertion, unless "her status had been determined by a court of competent jurisdiction," but nevertheless declared that, as Goodwin voluntarily left the home in 1923, there was no evidence of desertion on the part of the wife. The board thus ignored the uncontradicted evidence that, regardless of who was initially at fault, Goodwin had established a home in Butte and requested his wife to occupy it with him, with which choice of a home she failed to conform.

The findings made by the district court do not differ materially from those made by the board, except as to desertion. On that point the court found that the wife's refusal to join the husband in the home selected by him "would be in law desertion on her part, even though he on his part may

have previously left her upon several occasions." The district court, therefore, did not violate the rule announced in *Morgan* v. *Butte etc. Co.*, above, but merely set aside findings which it deemed not warranted by the uncontradicted evidence, and then reached conclusions of law upon the findings made, contrary to those reached by the board. This was clearly within the province of the court. (Sec. 2961, Rev. Codes 1921.)

Therefore, while, on such an appeal as this, this court will not reverse the findings of the district court, unless the evidence clearly preponderates against them (*Willis* v. *Pilot Butte Min. Co.*, 58 Mont. 26, 190 Pac. 124), the practical question presented to us is whether, on one and the same record, the board or the district court reached the correct conclusion.

3. The chairman of the board, on the hearing, and the board in making its findings and order, labored under a misapprehension as to the extent of the jurisdiction or power and authority of that board. Under section 2947, Revised Codes of 1921, it had "full power, authority, and jurisdiction to try and finally determine" the question as to whether the claimant was "legally entitled" to be supported by her husband at the time of his injury; the board itself was the "court of competent jurisdiction" to determine that question; although but a ministerial or administrative board, "it has, and must have * * * *quasi*-judicial powers" (*Dosen* v. *East Butte Copper Min. Co.*, 78 Mont. 579, 254 Pac. 880), and was not required to wait for a determination, by a regularly constituted court, of a question necessarily involved in a matter before it.

4. The legislature has seen fit to declare that a wife or widow, living apart from her husband, is entitled to compensation only when she was *legally* entitled to be supported by him at the time of the injury (sec. 2876, above) and, under the familiar rule of statutory construction that effect must be given to every word used in the statute, when possible to do so, we must hold that the use of the word "legally"

evidences a legislative intent that compensation may be awarded only to those wives or widows who, at the time of the injury, could have compelled their husbands to support them by invoking the laws of the state of Montana.

Counsel for the widow seeks to draw an analogy between the award of temporary alimony in a divorce action and the award of compensation under section 2876, above, but the situations are entirely dissimilar. Temporary alimony is awarded for the support of the wife pending a final determination of her status, while compensation can be awarded only after her status has been determined. If analogy is to be drawn at all, it must be drawn between the award of permanent alimony or separate maintenance, and the award of compensation, each of which requires as a prerequisite that the wife be entitled to be supported by her husband.

Counsel for the mother lays some stress on the fact that ▮ Goodwin had not supported his wife for a period of four years and that she had not demanded that he do so; but those facts are wholly immaterial. If she was entitled to support from him, she is entitled to compensation, whether he fulfilled his obligation or not, and whether she was or was not dependent upon him for support. (*Continental Casualty Co.* v. *Pillsbury*, 181 Cal. 389, 8 A. L. R. 1110, 184 Pac. 658; *H. G. Goelitz Co.* v. *Industrial Board,* 278 Ill. 164, 115 N. E. 855.) Under our statute it is not a question of dependency, but of legal right.

The law imposes upon the husband the legal duty of supporting his wife out of his property or by his labor, if he is able to do so (sec. 5784, Rev. Codes 1921), and a mere showing that the parties are married may raise a presumption that the wife is legally entitled to be supported by the husband. (*State ex rel. Robison* v. *District Court,* 56 Mont. 592, 186 Pac. 335.) Here, however, the showing was made, not only that the parties were living separate and apart, but that the wife had, in effect, refused to live with the husband at the place chosen, and in the home established, by him.

Conceding that Goodwin did not have just cause for leaving █ his wife in 1923, and she was therefore legally entitled to be supported by him, our statute provides that: "The husband may choose any reasonable place or mode of living, and if the wife does not conform thereto, it is desertion." (Sec. 5745, Rev. Codes 1921.)

And, again, section 5744, Id., provides that: "If one party deserts the other, and before the expiration of the statutory period required to make the desertion a cause of divorce, returns and offers in good faith to fulfill the marriage contract, and solicits condonation, the desertion is cured. If the other party refuse such offer and condonation, the refusal shall be deemed and treated as desertion by such party from the time of refusal."

Here, •if Goodwin was guilty of desertion in February, 1923, before the year was out, according to the testimony of his wife, herself, he cured that desertion by providing a home for her in this state, as was his right under the law, and invited her to share it with him, attaching thereto only the requirement that the youngest child alone should accompany her. The wife failed to conform to this offer and request, for the reason that she chose to cleave to her children by a former husband, whether that reason was communicated to her husband or not. His requests were repeated up to March, 1925; the final letter being ignored by the wife.

Section 5746, Revised Codes 1921, provides that: "If the place or mode of living selected by the husband is unreasonable and grossly unfit, and the wife does not conform thereto, it is desertion on the part of the husband from the time her reasonable objections are made known to him." As stated above, her only objection was that the husband proposed to exclude from the home her children, with the exception of the youngest girl. Her oldest son had not been living with her for some years; her oldest daughter was married and in a home of her own; the second son was of the age of majority or nearly so; and the husband was willing to take the young-

est daughter, then eighteen or nineteen years old, into his home, and provide for her. Under these circumstances, was her objection to the home reasonable?

Section 5846, Revised Codes 1921, declares that "a husband is not bound to support his wife's children by a former husband," and Goodwin was not therefore bound to retain in his home, or take into his home, the young man who had reached an age where he was capable of caring for himself, and the failure of the wife to conform to the residence selected by the husband, for the reason that he refused to do so, was not based upon reasonable ground under the law.

Mrs. Goodwin may be entitled to commendation for thus cleaving to her children, but in the unfortunate circumstances in which she found herself the disagreeable choice was thrust upon her of choosing between her son and her husband. She chose the former and must abide her choice, carrying with it the constructive desertion of her husband. "A husband abandoned by his wife is not liable for her support until she offers to return, unless she was justified, by his misconduct, in abandoning him; nor is he liable for her support when she is living separate from him by agreement, unless such support is stipulated in the agreement." (Sec. 5801, Rev. Codes 1921.)

The claimant wife here does not come within either of the exceptions noted in the above statute, and therefore she was not "legally entitled to be supported by the deceased at the time of the injury."

For the reasons stated, the judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Myers, Stark and Galen concur.