MEZN'ARICH, Appellant, *v.* REPUBLIC COAL CO., Respondent.

(No. 7,448.)

(Submitted December 3, 1935. Decided December 12, 1935.)

[53 Pac. (2d) 82.]

*Mr. F. W. Mettler,* for Appellant, submitted an original and a reply brief, and he and *Mr. A. H. Angstman,* of Counsel, argued the cause orally.

*Messrs. Murphy & Whitlock,* for Respondent, submitted a brief; *Mr. J. C. Garlington,* of Counsel, argued the cause orally.

84

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Martin Meznarich has appealed from a judgment of the district court of Musselshell county sustaining an order of the Industrial Accident Board denying to him additional compensation for an injury sustained while in the employ of the Republic Coal Company.

Meznarich was accidentally injured while working in the company's coal mine on April 7, 1930; he filed his claim for compensation, on which a hearing was had resulting in an order of the board classifying his disability as temporary total, and requiring the company to pay to the injured workman $19 per week for 26 weeks, or "until the further order of the board." A year later the injured man petitioned the board for additional compensation, and, after a hearing, the board made its order in which it declared that the only question presented was as to whether Meznarich's disability has continued, and, finding no improvement in the man's condition and that he was "unable to earn any wages," granted him compensation for an additional 124 weeks, but declared "this to be in full and final settlement" and must be accepted as such. Meznarich neither moved for a rehearing nor appealed from this order and accepted the benefits thereof.

On April 28, 1933, the injured workman again petitioned the board for additional compensation and for a lump-sum settlement on the theory that he was entitled thereto because his disability still continued unchanged. The board ruled, on a hearing had, that the claimant could only introduce testimony tending to show a change for the worse in his physical condition since the last order, made on December 19, 1931. The evidence produced showed "neither improvement nor progression," and therefore the board entered an order dismissing the petition, therein declaring: "The board further finds that it has not

authority to make an award of compensation after having once made an award in full and final settlement of the claim for compensation, unless there is an aggravation of the condition of the claimant after the original award." The claimant moved for a rehearing, which motion was denied, and then appealed to the district court. In its judgment of dismissal the court stated its reasons therefor as follows: "The plaintiff has failed to show any change in his physical condition or * * * further disability * * * than the disability at the time of the hearing proceeding and final award of December 19, 1931. That the Industrial Accident Board in making the final order and award of December 19, 1931, regularly pursued its authority and that said order, award and findings * * * ought to be sustained and that the said order and award, and such findings are reasonable under all the circumstances of the case."

While the evidence before the board and before the court is in the record, the question presented by this appeal is as to whether or not the claimant is entitled to additional compensation as a matter of law, on the facts as found by the board.

It will be noted that the attitude of the board, as expressed in its orders, was that, on his second application for compensation, the claimant was entitled to additional compensation on a showing that "his disability has continued," because the first order was interlocutory, but was not entitled to further compensation on a like showing at a later date because the board had made a "final" order on December 19, 1931, but could then be awarded additional compensation on a showing of a *change* in his physical condition, or a further disability manifested after the making of the "final" order. This position taken by the board was sustained by the court, and its soundness, under the law, is the first question for determination.

Under our Workmen's Compensation Act, the Industrial Accident Board is "vested with full power, authority, and jurisdiction to try and finally determine" all disputes and controversies arising under the Act, "subject only to review in the manner and within the time in this Act provided" (sec. 2947, Rev. Codes 1921), and, possessing *quasi*-judicial powers, the

board may determine questions of law arising in the course of such disputes and controversies. (*Goodwin* v. *Elm Orlu Min. Co.*, 83 Mont. 152, 269 Pac. 403.).

All orders, rules and regulations, findings, decisions and awards of the board "shall be conclusively presumed to be reasonable and lawful, until and unless they are modified or set aside by the board or upon review." (Sec. 2948, Id.) The "review" mentioned in the two sections cited is by appeal to the district court (sec. 2959, Id., as amended by Laws 1929, Chap. 177, sec. 10), and then to the supreme court. (Sec. 2962, Id.) Therefore, when the board renders its decision *denying* a claim for compensation and thus ending the matter in dispute, the order or decision becomes final, conclusive, and *res adjudicata* on failure of the aggrieved party to take an appeal within time, and this is so whether the decision is on a question of law (*State ex rel. Roundup Coal Min. Co.* v. *Industrial Accident Board*, 94 Mont. 386, 23 Pac. (2d). 253), or on the merits. (*Shugg* v. *Anaconda Copper Min. Co.*, 100 Mont. 159, 46 Pac. (2d) 435.)

After an order of the board has become "final," the case cannot be reopened for a reconsideration and redetermination of the questions determined and disposed of. But the judgment of the district court, in this class of cases, determines only that which was before the court for determination, and goes no further. "It is final and, therefore, *res adjudicata*, upon the very issue which it determines, and upon that only" (*State ex rel. Mulholland* v. *District Court*, 88 Mont. 400, 293 Pac. 291, 293), and this is so with respect to the orders and decisions of the board. (*State ex rel. Roundup Coal Min. Co.* v. *Industrial Accident Board*, above.)

It follows that the parties to the present controversy are precluded from seeking to reopen the case for a retrial of the issues determined by the order of December 19, 1931, in so far as they were issues before the board. However, no issue was presented to the board as to whether or not its order then made should be interlocutory or final, and the declaration of the board that the order and award should be in full and final settlement of the

claim can only be justified by pointing out some provision of the Act authorizing a "final" award of less than the compensation provided for the particular disability, by the provisions of the Act.

A thorough search of the Act reveals no such authority; on ▮▮ the contrary, the Act specifically provides against a final judgment as to the claimant's physical condition so long as he has not received all that he might receive under the Act, by declaring that "the board shall have continuing jurisdiction over all its orders, decisions and awards, and may at any time, upon notice, and after opportunity to be heard is given to the parties in interest, rescind, alter, or amend any such order, decision or award made by it upon good cause appearing therefor. Provided, that the board shall not have power to rescind, alter, or amend any final settlement or award * * * more than two years after * * * made, or * * * final compromise settlement of compensation." (Sec. 2952, Rev. Codes 1921, as amended by sec. 9, Chap. 177, Laws 1929.) And nothing in the section providing for rehearing shall "be construed to limit the right of the board," under the above section, "to review, diminish, or increase, within the limits provided by this Act, any compensation awarded upon the grounds that the disability of the person in whose favor such award was made has either increased or diminished or terminated." (Sec. 2956, Rev. Codes 1921.) A third section of the Act, dealing with the same subject, declares: "If aggravation, diminution, or termination of disability takes place or be discovered after the rate of compensation shall have been established, or compensation terminated in any case, where the maximum payments for disability as provided in this Act have not been reached, adjustments may be made to meet such changed conditions by increasing, diminishing or terminating compensation payments in accordance with the provisions of this Act." (Sec. 2924, Rev. Codes 1921, as amended by sec. 6, Chap. 177, Laws of 1929.)

These Acts are *in pari materia* and must be construed together; so read, they evidence a clear legislative intent that no case in which compensation has been awarded shall be finally

closed until the maximum period of payments for the disability for which such award has been made has expired, except that, under the amendment of 1929 to section 2952, above, this power is withdrawn with respect to "any final settlement" after the expiration of two years from the date the order awarding compensation is made, and in cases involving a compromise settlement.

The mere fact, then, that the board purported to make the order of December 19, 1931, "final," is of no force or effect, as that provision of the order was in contravention of the statutes vesting power in the board, and the board could not thus divest itself of the continued jurisdiction vested in it by the Act. (*National Engineering Corp.* v. *Industrial Accident Commission,* 193 Cal. 422, 225 Pac. 2; *Millspaugh & Irish Co.* v. *Lunte,* 82 Ind. App. 143, 144 N. E. 147.)

The remaining question for determination is whether or not ██ a showing that an injured workman's disability has continued beyond the period fixed by the board for the payment of weekly compensation without actual change in his physical condition, authorizes the board, in the exercise of its continuing jurisdiction, to extend the period of payments within and up to the maximum provided by the Act. In support of the assertion that such power does not exist, counsel for the company cite cases from Texas, Oklahoma, Missouri, Minnesota and Michigan. These decisions are not persuasive here, owing to the marked difference in the statutes considered.

In Texas, Oklahoma and Missouri the Compensation Act grants power to modify an award only upon "showing a change of conditions" (sec. 12d, Art. 8306, title 130, Rev. Civ. Stats. Texas; sec. 3340, Rev. Stats. 1929, Missouri (Mo. Stats. Ann. sec. 3340, p. 8273); sec. 7296, C. O. S. 1921, Oklahoma); and in Minnesota the board may modify an award "on the ground of increase or decrease of incapacity due solely to the injury." (Sec. 8222, Gen. Stats. 1913, Minnesota.) In the Michigan case cited (*Burley* v. *Central Paper Co.,* 221 Mich. 595, 192 N. W. 538, 539), it is true the court stated that it had theretofore held the board has no authority to grant a rehearing of matters al-

ready decided by it, but declared: "It has not held that where the physical condition of the injured employee has changed the board may not on petition reopen the case." However, in Michigan "there is no provision in the law for a rehearing after a final order is made" (*Pocs* v. *Buick Motor Co.*, 207 Mich. 591, 175 N. W. 125), but by a liberal construction of their Act in order to carry into effect the beneficent purposes thereof, the court holds that the final decision is *res adjudicata* as to "the essentials leading up to the award, * * * except the physical condition of the injured employee, which naturally and legally remains open to inquiry." (*Beckwith's Estate* v. *Spooner*, 183 Mich. 323, 149 N. W. 971, 972, Ann. Cas. 1916E, 886.) There is nothing in the *Burley Case*, above, to indicate that the Michigan court would not extend its declaration to include the power to extend the period of compensation, in a proper case, on a showing that the disability continued beyond the period estimated by the board in making the original award.

The Minnesota case cited (*Connelly* v. *Carnegie Dock & Fuel Co.*, 148 Minn. 333, 181 N. W. 857, 858) merely holds that a judgment in a compensation case cannot be amended by the district court because of judicial error therein, but cites a case (*State* v. *District Court*, 136 Minn. 147, 161 N. W. 391, 392), seemingly supporting the company's view, but pointing out that the section on modification of awards, because of its wording, "was not intended as a method of correcting errors in fixing the amount of compensation." The decision but holds, as do we, that these cases cannot be reopened for the purpose of relitigating matters once determined. Likewise the Oklahoma cases cited are not in point here. Further, the supreme court of Oklahoma has held that section 7296, C. O. S. 1921, which is that portion of their Act fixing the rate and period of compensation in the several classes of disability and providing that compensation shall be paid "during the continuance" of the disability not to exceed a definite number of weeks, a composite of our sections 2912 to 2920, vests in their commission authority to reopen a case and award additional compensation for partial permanent disability found to exist after an award of partial temporary dis-

ability "without a change in condition of the claimant." (*Geis Price Grain Co.* v. *Bailey,* 155 Okl. 302, 9 Pac. (2d) 424, 425.) This is the extent to which the board is asked to go in the application here denied; the claimant does not seek to relitigate matters finally determined by the former orders of the board.

In legal effect, those orders fixed and determined claimant's right to compensation under the law, and then, by the first order, the board estimated that he would recover from his disability in 26 weeks; this prediction having proved erroneous, by the second order it estimated or prophetized that his disability would not extend beyond 150 weeks. It is true that in the latter order the board declared his disability to be "permanent," but, as used in the Workmen's Compensation Acts, this term does not mean eternal or everlasting, but merely that the disability is lasting or continuous, as distinguished from temporary—that it will be long continuing. (*Sykes* v. *Republic Coal Co.,* 94 Mont. 239, 22 Pac. (2d) 157.)

Construing a statute which permits a modification of the "award" when it is shown that "the disability of the workman has increased or diminished" in a case similar to the case at bar, the supreme court of Kansas has, we think, correctly stated the purpose of granting the board continuing jurisdiction, as follows: "What effect an injury will have on the capacity to work is necessarily a matter of prediction in most cases. The arbitrator's prediction may not accord with the facts disclosed by lapse of time. Capacity may increase or decrease beyond what the award contemplated, and compensation should be adjusted accordingly. Therefore, review and modification of the award are provided for at the instance of either the employer or employee. A modified award is still likely to rest in prediction and, if the prediction should prove to be wide of the truth, further adjustment to accord with the facts ought to be made.

"In this instance, what was believed to be temporary disability * * * has been found to be permanent. While in one sense the disability has remained constant, it has increased in the sense that it will continue to the end of the period for

which the statute allows compensation, three years longer than * * * last predicted. This being true, the court concludes that plaintiff's disability has increased, within the meaning of the statute." (*Corvi* v. *J. R. Crowe Coal & Min. Co.*, 119 Kan. 244, 237 Pac. 1056, 1058.)

In our opinion, this is the correct interpretation to be given to the phrase "upon the grounds that the disability of the person in whose favor such award was made has * * * increased" (sec. 2956), even though that phrase may be held to be a limitation of the power of the board to modify its award "upon good cause" (sec. 2952), under the rule of liberal construction of the Act imposed upon the court by section 2964, Revised Codes 1921, and is not in conflict with the declaration of this court in *State ex rel. Mulholland* v. *District Court,* above, as the court was there dealing only with the situation presented in that case, and did not there declare that relief under sections 2952 and 2956 is confined to the "change in circumstances" which "the law itself anticipates."

We are aware that in California the two sections similar to our sections 2952 and 2956 were held to be *in pari materia* and to limit modification to cases showing a change in physical condition, but the people of California evidently did not take kindly to that interpretation, for they amended the Constitution and the Compensation Act to some extent, and thereafter the court held that the power to modify extended to further award for permanent disability when that disability had existed from the beginning. (*Bartlett Hayward Co.* v. *Industrial Accident Commission*, 203 Cal. 522, 265 Pac. 195.) The California court gave too narrow a construction to the sections quoted in its earlier decisions and thus went contrary to the intention of the legislature.

"Compensation laws proceed upon the theory that the injured workingman is entitled to pecuniary relief from the distress caused by his injury, as a matter of right; * * * that his compensation shall be certain, limited by the impairment of his earning capacity, proportioned to his wages, and not dependent upon the skill or eloquence of counsel or the whim or caprice

of a jury * * * and * * * without the economic waste incident to protracted litigation'' (*Lewis & Clark County* v. *Industrial Accident Board*, 52 Mont. 6, 155 Pac. 268, 270, L. R. A. 1916D, 628) ; that ''the industry should care for its man power, wrecked by reason of laboring in the industry, just as it must bear the expense of wreckage of machinery used in the same manner. This is but justice as well as humanity.'' (*Moffett* v. *Bozeman Canning Co.*, 95 Mont. 347, 26 Pac. (2d) 973, 977.)

As our Act, in common with those in other jurisdictions, de- ██ clares in each instance with respect to the several classifications of disability, that the weekly compensation fixed under the particular section shall be paid ''during the period of disability,'' a claimant's rights are limited only by the declaration of the legislature as to the maximum number of weeks fixed by it as a limit. ''The construction given to the statute must conform to the intent of the lawmakers.'' (*Stark* v. *State Industrial Accident Commission*, 103 Or. 80, 204 Pac. 151, 153.)

Aside from the loss of members of the body, the extent of a man's disability is determined by answering the question as to whether or not he is able to earn wages by labor, and, if so, how his earning capacity compares with that before the injury. If he is still able to earn something as wages, his disability is partial; if not, it is total. (*Gailey* v. *Peet Bros. Mfg. Co.*, 98 Kan. 53, 157 Pac. 431; *Sinnes* v. *Daggett*, 80 Wash. 673, 142 Pac. 5.) The board's decision on this question can only be reversed if arbitrary and founded on no substantial evidence. (*Sinnes* v. *Daggett*, supra.)

As the board here found that the injured man could earn no wages, his disability should have been classed as total permanent, and, if necessary here, the action in declaring it ''partial'' on the board's own finding, might be declared arbitrary. But, in the instant case this classification is, under the statute, immaterial; the man is permanently unable to earn any wages, according to the board's decision, and should receive the weekly compensation fixed ''during the period of disability'' but not for longer than 500 weeks from and after the date of the injury.

The judgment is reversed and the cause remanded to the district court of Musselshell county for further proceedings not inconsistent with this opinion.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.

Rehearing denied December 30, 1935.