KOSKI, RESPONDENT, *v.* MURRAY HOSPITAL ET AL., APPELLANTS.

(No. 7,502.)

(Submitted March 6, 1936. Decided March 24, 1936.)

[56 Pac. (2d) 179.]

110

*Mr. R. F. Gaines,* for Appellants, submitted a brief and argued the cause orally.

*Mr. W. E. Coyle, Mr. H. L. Maury* and *Mr. A. G. Shone,* for Respondent, submitted a brief; *Mr. Maury* argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

Gertrude Koski, claimant and respondent, was an employee of Murray Hospital, of Butte, one of the appellants here. The other appellant is Fireman's Fund Indemnity Company, insurance carrier for the hospital under plan 2 of the Workmen's Compensation Act (Rev. Codes 1921, sec. 2978 et seq., as amended).

An accident occurred on December 21, 1933, while claimant was engaged in cleaning the ceiling of one of the halls of the hospital building. The matter was reported to the Industrial Accident Board, and $66.96 in compensation was paid at the rate of $8.37 per week. After payments ceased, claimant on April 3, 1934, filed with the Accident Board her application and petition asking for a hearing, a rating, and further compensation. In this petition she claimed that as a result of the

accident she was suffering from disability of a permanent character.

It is rather important to keep in mind the dates of the various incidents of the case. The accident occurred on December 21, 1933; the board held a hearing on November 16, 1934, and on March 4, 1935, it made its order allowing compensation. On March 9, 1935, claimant asked for a rehearing. On March 15, 1935, petition for rehearing was denied. Trial in the district court occurred on May 23, 1935, and the judgment of the court was entered on July, 1935. At the hearing before the board, claimant submitted evidence to establish her contention that the accident had resulted in a separation of her sacroiliac joint, and that she was then suffering serious disability. Defendants resisted this contention and introduced evidence to the contrary.

After the hearing, the board made findings of fact and conclusions, and entered an order. The important finding of the board was as follows: "We do not believe there is a separation of the sacroiliac joint which creates an abnormality which would be disabling. The board believes, however, that Mrs. Gertrude Koski was suffering a disability as a result of her accidental injury for a long period after the time her compensation was stopped. The average case is fixed by Dr. Carman as 18 months after the accident. The claimant's own testimony has much weight with the board in this particular case, coupled with the situation surrounding the happening of the accident, her manner of falling and her particularly heavy weight leads the board to believe that her injury was severe. The defense medical witnesses' opinion, we believe is supported by the pictures, namely, that there is no sacroiliac separation, but we are of the opinion that the board should not reject a claim for compensation wholly upon the fact that physical examination results in negative findings." The findings were followed by an order to the effect that the insurance carrier should pay the claimant 60 weeks' compensation at the rate of $8.37 per week, giving credit for 8 weeks' compensation already paid, and that these payments should be "in full and

final settlement of her claim for compensation arising out of her accidental injury of December 21, 1933.''

It will be observed that the period for which compensation was ordered had expired on March 4, 1935, when the board made its order. Of necessity, the board based its order on what was before it at the November 16, 1934, hearing, four months before. The board denied claimant's application for a rehearing, and thereafter she appealed to the district court. When the matter came to trial, claimant asked leave to introduce additional evidence of her continuing disability from the time of the hearing before the board. Defendants objected on the ground that only such matters as were considered by the board were proper subjects for consideration by the court. The court ordered that both parties should be permitted to introduce additional testimony, and both parties did. A careful reading of the record discloses the fact that the testimony in the district court in reality only went to the continuing condition of the claimant, and to the development of other symptoms of the disability which she claimed grew out of the accident.

At the close of the hearing, defendants moved the court to dismiss the appeal, for the reason that the new conditions were only within the jurisdiction of the Industrial Accident Board under its power of continuing jurisdiction, and could not be properly brought within the jurisdiction of the district court in the appeal then pending. The motion was denied.

On July 20, 1935, the court made findings to the effect that claimant had suffered a total permanent disability, to-wit, a separation of the sacroiliac joint, and that she was entitled to compensation at the rate of $8.37 per week for a period of not exceeding 500 weeks, the statutory period. Judgment was entered accordingly. After denial of motion for a new trial, appeal was made to this court.

Though defendants urge many specifications of error, the matter really resolves itself into two points. The first one involves the motion to dismiss the appeal to the district court. We deem it unnecessary to discuss the new evidence upon that

feature of the case. Some force exists in the contention of defendants that the evidence of continuing conditions or of changed conditions showing additional disabilities should have been presented to the board in the first instance; in other words, that the board was the proper forum, under the theory of continuing jurisdiction, to consider these matters. If that were the only question involved here, the result might be different; but that was not the only proposition involved in the appeal. Claimant argues what seems to us the real question involved in the appeal, namely, Did the board, regardless of the evidence adduced in the district court and its weight and effect, have a right to limit the compensation to 60 weeks and decree that claimant should accept that award in full and final settlement of her claim?

The right of the board to limit the period of compensation ██ was specifically challenged by claimant in her petition for rehearing. We think it was the principal ground of the appeal. We may say, however, that evidence showing her continuing disability was certainly permissible in the district court. This matter was established by the case of *Sykes* v. *Republic Coal Co.*, 94 Mont. 239, 22 Pac. (2d) 157.

It must be remembered that the board did not render its decision or make its order until after the period fixed therein for the payment of compensation had expired. Her compensation had ceased. She had a right to show that she was still suffering disability, and it was obvious that the board had erred in estimating the time required for recovery, and, consequently, in limiting the compensation. Nevertheless the order of the board so limiting the compensation would have been final and binding upon her unless she had appealed. This proposition was established by the case of *Shugg* v. *Anaconda Copper Min. Co.*, 100 Mont. 159, 46 Pac. (2d) 435. See, also, *Meznarich* v. *Republic Coal Co.*, 101 Mont. 78, 53 Pac. (2d) 82. The court very properly refused to dismiss the appeal.

Much has been said in connection with the proposition that there is conflict between the findings of the board and the findings of the court. We are unable to see any practical distinc-

114

tion between the two findings. It is true that the board said that it did not believe that there had been a separation of the sacroiliac joint, and really described the disability as total temporary, without specifically saying so; whereas the court found that there was a separation of the sacroiliac joint and designated the disability as total permanent; but this does not really affect the merits of the case. The board found that claimant was suffering serious disability, and while it did not say so in so many words, its findings can only be construed to mean that claimant had suffered total temporary disability. The court said that this total disability was permanent in character, and assumed to fix the duration thereof at the statutory maximum for the purpose of payment. In view of the continuing jurisdiction of the board and the right to make new orders extending or restricting compensation payments, this matter was not very material. The fact of disability was the important fact, and this was found by both board and court.

The real difficulty in this case lies in the fact that the board assumed to find when the disability would be relieved or entirely removed, and that as a result thereof it provided that payments should cease at that time. The principle involved in this case was recently discussed in the cases of *Meznarich* v. *Republic Coal Co.*, supra, and *Lunardello* v. *Republic Coal Co.*, 101 Mont. 94, 53 Pac. (2d) 87. There it was held that such a final order by the board based upon speculation and conjecture was not proper and was unreasonable. It follows, then, that the order of the court about which complaint is made here, that the findings of the board were incorrect, was properly made. This particular finding merely had the effect of setting aside the board's order which limited the compensation, and which tended finally to adjudicate the whole proposition.

It would seem to us from the record that the board took the time estimated by Dr. Carman, who testified for claimant before the board about the usual period of recovery, as absolute, and assumed that claimant would necessarily recover within that time, regardless of the facts of the instant case. This, it

seems to us, was pure prognosis. It was speculation. The hearing had occurred four months prior to the board's order. The board had nothing more before it than the facts developed at the hearing. It made the order terminating the compensation based upon facts developed four months previously, without any knowledge of the conditions existing at the time of the order. It had the effect of subjecting claimant to a general rule as to the progress of such injuries as those with which she was affected, without consideration of the special facts of her case, and without knowledge of her condition during the four months that had intervened since the hearing. There was evidence taken at the trial that she was still suffering disability at that time, and that she had suffered it continuously from the date of the hearing. In the circumstances, therefore, it must be manifest that the estimate of the board might at least have been wrong, and in view of the record in this case, we think it probably was erroneous. The court was correct, as a matter of law, in finding that the board's order was not proper, because in making the order final, the board did not proceed in accordance with the statute. Hence no objection can be successfully urged to such finding.

It was not a question of the weight or preponderance of the evidence. It seems to us that it was only a question of the legal right of the board to make the findings that it did. So, then, the question is not, Which order should be sustained? Both the board and the court found disability. In that there was no substantial conflict. The disability, if it existed, was not actually affected by the existence or nonexistence of the disputed separation of the sacroiliac joint. The main question concerned the disability. Both found disability. The finding of the court that there was a separation of the sacroiliac joint and a resultant total permanent disability, still did not foreclose the continuing jurisdiction of the board. The cases hereinbefore cited endeavored to make that point plain. If at any time within the period provided for the payment of compensation the character of the disability changes, the board still has power to inquire into the matter and make a proper order.

As this appeal comes to this court, the order of the district court, it appears to us, was necessary and proper, particularly in view of the fact that the finding of total disability made by the court carried with it no final adjudication. It merely meant that claimant would suffer such a disability for an indefinite period of time; not that she would always suffer it. The court's order meant not that the right to have compensation for the full statutory period of 500 weeks was finally determined, but only that such payments should be made until the board upon further consideration should otherwise declare and order. (*Dosen* v. *East Butte Copper Min. Co.*, 78 Mont. 579, 254 Pac. 880; *Meznarich* v. *Republic Coal Co.*, supra.)

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES MATTHEWS, ANDERSON and MORRIS concur.