STATE EX REL. MURRAY HOSPITAL ET AL., RELATORS, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 7,565.)

(Submitted April 28, 1936.   Decided May 12, 1936.)

[57 Pac. (2d) 813.]

*Mr. R. F. Gaines,* for Relators, submitted a brief and argued the cause orally.

*Mr. H. L. Maury* and *Mr. A. G. Shone,* for Respondents, submitted a brief; *Mr. Shone* argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an application for a writ of prohibition. The petition of relators, Murray Hospital and Fireman's Fund Indemnity Company, discloses the following facts: That on December 21, 1933, the hospital was the employer of Gertrude Koski, one of the respondents herein; that the Fireman's Fund Indemnity Company was then, and ever since has been, the insurance carrier for the hospital under Plan II of the Workmen's Compensation Act of this state; that on that date respondent sustained an industrial accident; and that thereafter she was paid compensation in the sum of $66.96, representing eight weeks' compensation at the rate of $8.37 a week. Her demand for further and continued payments was refused. She then filed with the board an application for a hearing, a rating, and for further compensation. In that application she claimed that as a result of the accident she was suffering a disability permanent in character. At the hearing before the board on November 16, 1934, respondent contended that she had suffered a separation of her sacroiliac joint. This contention was disputed and re-

sisted. The board made findings of fact and conclusions, and entered its order. It found that respondent did not have a separation of her sacroiliac joint but that she was suffering disability as a result of her injury for a long period after her compensation was stopped. The board then ordered that respondent be paid compensation for a period of sixty weeks at the rate of $8.37 a week, giving credit for eight weeks' compensation already paid, and that these payments should be accepted by her "in full and final settlement of her claim for compensation." This order was made on March 4, 1935. On March 9, 1935, respondent, claimant therein, petitioned the board for a rehearing. The board denied this petition, and thereafter respondent appealed to the district court. Trial was had in that court on May 23, 1935.

At that time both sides presented additional testimony. Upon the additional testimony, together with the records and files of the proceedings of the board, the district court made findings of fact and conclusions of law. It found, among other things, that the board had erred in holding that claimant had not suffered a separation of the sacroiliac joint. It found that she had suffered a total permanent disability, to-wit, "a separation of the right sacroiliac joint and injuries to the right quadrant of the abdomen, with resultant disturbance of menstruation and phlebitis of both legs," and that she was entitled to compensation at the rate of $8.37 a week for a period of not exceeding 500 weeks. Judgment was entered accordingly. From that judgment the defendants appealed to this court. On March 24, 1936, the judgment of the district court was affirmed. (See *Koski* v. *Murray Hospital*, ante, p. 109, 56 Pac. (2d) 179, 182.) Reference may be made to that cause for a more detailed account of the proceedings before the board and the district court.

Relators allege that on or about April 10, 1936, they filed an application with the Industrial Accident Board, wherein they sought a further hearing for the purpose of determining the amount of compensation properly payable to respondent, and

for the purpose of determining her disability; that the board set the matter for hearing on April 25, 1936; and that on or about April 13, 1936, after remittitur from this court had been filed in the district court, respondent's attorney notified relators that he intended to procure the issuance from the district court of an execution against property of the Murray Hospital, for the sum of $1,058.11, unless that amount was immediately paid.

Upon this state of facts, relators made application to this court for a writ of prohibition, commanding respondent to refrain from procuring the issuance of an execution against the hospital property. They contend that under the decision of this court, respondent is not entitled at this time to any compensation in excess of that awarded by the board; that there is in existence no lawful order or judgment "whereby there can be determined the amount, if any, in excess of the compensation fixed by the Industrial Accident Board, which should be payable to respondent and for which execution could lawfully issue."

It will thus be observed that relators contend that the judgment of the district court, as affirmed by this court, did nothing more than adjudicate the proposition that the board erred in arbitrarily limiting the period of disability to sixty weeks; and that, regarded in the light most favorable to respondent, the district court judgment could not, and did not, purport to determine that any disability existed after the date of the hearing in the district court (May 23, 1935) ; and that it could not, and did not, determine that such disability has continued to the present date, or until April 18, 1936. They argue that, under the opinion of this court, the board by virtue of its power of continuing jurisdiction had the right, upon application therefor, to hear evidence and determine how extensive was respondent's compensable disability, if any, subsequent to the expiration of the sixty-week period which the board assumed to fix. In order to substantiate that contention, they point to certain language contained in our decision.

It is not necessary here to make reference to the specific excerpts from the decision upon which relators rely. The position taken by them is untenable. The opinion, when considered in its entirety as it must be in determining this question, clearly does not sustain the proposition for which relators contend.

It will be remembered that the sixty-week period as provided by the board for payment of compensation had expired prior to the time the board made that order. Later, after a hearing on the matter, the district court found that claimant was still suffering disability for which she was entitled to compensation. On the appeal to this court the judgment of the district court was affirmed.

We think that it is plain that respondent was entitled to compensation to the time of the hearing in the district court, and is also entitled to a continuation of such compensation payments until such time as the board shall decide, after proper proceedings that there has been a change in her condition sufficient to justify stopping payments. Such an order of the board finding a changed condition to justify termination of compensation cannot be made to operate retroactively in the manner proposed by relators. In the opinion in this case we said: "The court's order meant, not that the right to have compensation for the full statutory period of 500 weeks was finally determined, but only that such payments should be made until the board upon further consideration should otherwise declare and order. (*Dosen* v. *East Butte Copper Min. Co.*, 78 Mont. 579, 254 Pac. 880; *Meznarich* v. *Republic Coal Co.*, supra [101 Mont. 78, 53 Pac. (2d) 82].)"

We fail to see how the proposition could be stated more clearly. Unquestionably the board has the power, by virtue of its continuing jurisdiction, to determine at any time that there is a change in respondent's condition, and that she is no longer entitled to compensation, if the facts warrant such a decision. She is, however, entitled to a continuation of compensation until such a finding and order are properly made by the board.

We are of the opinion, however, that there is merit in the contention advanced by relators to the effect that respondent is not entitled to the issuance of an execution, for the reason that our compensation laws provide a definite, certain, and comprehensive mode of procedure by which she may collect the amount due to her as compensation. We refer particularly to sections 2980, 2981 and 2989, Revised Codes 1921. Under these sections an insurer is bound by and subject to all awards, orders and judgments for compensation rendered against an insured employer. They also provide that the insurer shall deposit securities with the treasurer of the Industrial Accident Board for the specific purpose of satisfying valid claims for compensation in case the insurer should otherwise refuse or neglect to pay the same. The statute provides that the securities so deposited may, if the surety fails to pay, be by the board converted into cash and the claims paid from the proceeds thereof. The procedure thus outlined was doubtless designed to meet just such a contingency as exists here. It was intended to provide a surer and more expeditious method of collecting payments than that available by execution. We think the statutory means provided is exclusive, at least until it is shown that such method is fruitless. The board can be compelled to proceed in accordance with the special provisions of the law. The statutes of some states do provide for, or may be held to contemplate, collection by execution; but our statutes are too specific to justify such a construction. For this reason alone we hold that the relators are entitled to the writ for which they pray.

Let the writ issue, each party paying its own costs.

ASSOCIATE JUSTICES MATTHEWS, ANDERSON and MORRIS concur.

MR. CHIEF JUSTICE SANDS, being absent, did not hear the argument and takes no part in the foregoing decision.