J. T. White *v.* Tennessee Consolidated Coal Co.

(*Nashville,* December Term, 1930.)

Opinion filed April 4, 1931.

MERCER & JOHNSON, for plaintiff in error.

L. V. WOODLEE, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is a compensation case in which liability is conceded. The controversy is limited to the single question

as to whether the employe, White, as a result of the injury received, is totally incapacitated to work at an occupation which will bring him an income.

There is no controversy as to the facts. The petitioner, White, is twenty-one years of age, and was strong and robust when injured. He is illiterate and capable only of manual labor. While mining coal for defendant, a large rock fell on him, crushed his hip, and injured his back. He was confined in the hospital for seventy-two days, and in bed at his home, in Palmer, four or five weeks thereafter. The case was tried eleven months after the accident. The evidence shows that petitioner walks in a stooped position with the use of two sticks. He testified that by taking his time he could walk a half mile. He further testified that he had not improved any for five or six months; that his hip and back pained him very much, necessitating his staying in bed until ten or eleven o'clock each day; and that he was unable to do any kind of work. His testimony is corroborated by that of his mother.

Dr. Clark testified as follows:

"Q. Is J. T. White permanently and totally disabled so far as physical labor is concerned? A. So far as daily labor is concerned, I think he is.

"JUDGE DARR: Did you say he can't do anything? A. So far as manual daily labor is concerned, he can't.

"JUDGE DARR: He could have a job as watchman? A. Yes, sir; but so far as manual labor, he is permanently and totally disabled."

The defendant offered no evidence.

The opinion of the trial court is as follows:

"It is apparent that this petitioner has a very serious hip injury that will somewhat affect the straightness of

his spine. I have due regard for the testimony of the physician but I weigh his evidence under the rules of law provided in passing on expert testimony. I have looked over the petitioner carefully and heard his statement as to his condition and the physician's, and I can't say that a man with one leg and otherwise a strong and healthy body would be totally disabled from a hip injury that practically renders one leg useless and makes him walk a little stooped. Many avenues of employment are open to him and many men, his peer mentally, are earning in worse shape than he is.

"I think the compensation law allows little enough, and I desire to give him all I can. While he is well now, so far as the injury is concerned, yet his crippled condition makes it necessary for him to readjust himself to life, and I think he should have ample time for this. To this end I am going to allow him 18 months total disability, and I am going to say that hereafter he can only earn one-fourth of what he could have earned before his injury—that is a three-fourths disability. Let judgment be so prepared on the basis of the agreed weekly wages."

Subsection (e) of section 28 of chapter 123, Acts of 1919, is as follows:

"The total and permanent loss of the sight of both eyes, or the loss of both arms at the shoulder, or complete and permanent paralysis, or total and permanent loss of mental faculties, or any other injury which totally incapacitates the employe from working at an occupation which brings him an income, shall constitute total disability."

This provision of the act has been construed by this court in several reported cases. In *American Zinc Co. v. Lusk*, 148 Tenn., 220, 223, 255 S. W., 39, it was said:

"Giving application to that equitable construction required by the express terms of the act, this court is of opinion that whenever it appears that an employe has suffered such a degree of permanent loss of the sight of both eyes as totally incapacitates him from working at an income-yielding occupation which requires the use of eyesight, this constitutes such a loss of the sight as is contemplated by the statute. And, further, a condition resulting from injury which leaves the employe incapacitated to work in an income-yielding occupation constitutes total disability whenever his income-yielding capacity is restricted to work which normally one can perform if totally blind; the loss being of the sight, or without arms, if the loss be of that nature. In other words, the employe's disability is none the less 'total' in the sense of the statute although it appears that without arms he can yet use for income-earning purposes his eyes and feet or mental equipment; or, if without eyes, he can so utilize his retained physical and mental powers."

In *Hartford Hosiery Mills* v. *Jernigan*, 149 Tenn., 241, 242, 259 S. W., 546, the holding in the preceding case was approved, and it was further stated: "A showing of income-earning capacity by the use of other faculties, or members of the body, will not reduce the grade of the injury of the affected members or faculties, or the compensation provided. This principle is applicable in the instant case, it being insisted that both feet of the employe are permanently injured, and disabled to such a degree that he can engage profitably in no employment in which the use of these members is to any substantial degree essential."

In *Kingsport Silk Mills* v. *Cox,* 161 Tenn., 470, 33 S. W. (2d), 90, the injury was similar to that in the case under consideration. The physician testified that the petitioner was unable to do any kind of work and was practically bedfast. It was held that the claimant was entitled to recover for total disability.

In *Sanders* v. *Blue Ridge Glass Corp.,* 161 Tenn., 535, 33 S. W. (2d), 84, the finding was that the petitioner, on account of an injury to his heart, was permanently and totally disabled so far as any hard work or manual labor was concerned, but that he "might do light work." In view of this finding, it was held that the claimant was not totally disabled. The rule deducible from the foregoing decisions is that when the incapacity is total within the purview of the provision here involved, the compensation cannot be reduced, even though it appears that claimant can earn some income by the use of other faculties than those destroyed.

We are of the opinion, therefore, that petitioner is entitled to compensation for total disability unless a reduction should be allowed on the statement of Dr. Clark that he can fill a position of watchman.

The authorities draw a distinction between cases in which it appears that the injured employe can do light work of a general nature and where he is only fitted to do "odd" jobs, or special work, not generally available. In the former, the burden is on the petitioner, the presumption being that his inability to obtain employment is due to the fluctuations in the labor market and not to the consequences of the accident. In the latter, the burden is on the employer to show that such special work is available to the petitioner. The rule is admirably stated by Judge MOULTON in *Cardiff Corp.* v.

Hall (1911), 1 K. B., 1009, as follows: "But, on the other hand, I am also of opinion that there are cases in which the *onus* of showing that suitable work can in fact be obtained does fall upon the employer who claims that the incapacity of the workman is only partial. If the accident has left the workman so injured that he is incapable of becoming an ordinary workman of average capacity in any well-known branch of the labor market,— if, in other words, the capacities for work left to him fit him only for special uses, and do not, so to speak, make his powers of labor a merchantable article in some of the well-known lines of the labor market,—I think it is incumbent on the employer to show that such special employment can, in fact, be obtained by him. If I might be allowed to use such an undignified phrase, I should say that if the accident leaves the workman's labor in the position of an 'odd lot' in the labor market, the employer must show that a customer can be found who will take it."

This rule is well supported by authority as well as upon principle. The cases have been collected by the editor of American Law Reports, volume 33, beginning on page 115.

██ The petitioner lives in a small mining town in Grundy County. There is no evidence of any industries in this locality that employ watchmen, or that such a position is available to petitioner, or has been tendered to him. We find no evidence in the record to support the findings of the trial court. On the other hand, the uncontroverted proof shows that petitioner is totally disabled to engage in manual work of a general nature.

It is stipulated that the average weekly wage of petitioner is $12.72. Under the provisions of the act the

compensation recoverable is one-half of this sum for four hundred weeks, and thereafter the further sum of $5 per week for one hundred and fifty weeks.

The decree of the trial court will be modified in accordance with this opinion. This decree is subject to revision, as provided in section 38 of the act.