LUNARDELLO, APPELLANT, *v.* REPUBLIC COAL CO., RESPONDENT.

(No. 7,449.)

(Submitted December 3, 1935.   Decided December 19, 1935.)

[53 Pac. (2d) 87.]

*Mr. F. W. Mettler,* for Appellant, submitted an original and a reply brief, and he and *Mr. A. H. Angstman,* of Counsel, argued the cause orally.

*Messrs. Murphy & Whitlock* and *Mr. W. W. Mercer,* for Respondent, submitted a brief; *Mr. Mercer* and *Mr. J. C. Garlington,* of Counsel, argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

Plaintiff, Ed Lunardello, was employed by the Republic Coal Company, defendant herein. Ou August 29, 1929, he was injured in an industrial accident. For a period of seven weeks and three days immediately following the accident he was unable to work. He received $112.50 as compensation for that period. On October 16, 1929, he returned to work and did work of a lighter nature than that at which he had formerly been engaged. Thereafter he was employed almost continuously until May 10, 1930. On June 17, 1930, he filed with the Industrial Accident Board a petition to reopen his case and to determine his disability. In this petition he stated that about two months after the accident he had "attempted to return to work"; that from then on he had suffered pain in his leg and arm continuously, and that the pain had steadily increased to the extent that he was unable to continue longer with his work. At the hearing before the board on December 2, 1930, plaintiff adduced evidence tending to show that the injury and pain ensuing therefrom had grown constantly worse; that on returning to work on October 16, 1929, he had engaged in lighter work than he had previously done; and that it had been very difficult and painful for him to do even that work.

Dr. Garberson, a witness on behalf of defendant, described plaintiff's condition as disclosed by the examination he made of him on November 27, 1930. The doctor stated that in his opinion plaintiff required an operation for the purpose of removing a piece of bone from his leg, and another operation on the head of the biceps. He said that following those operations plaintiff's disability should decrease to zero, or nearly so.

The board denied and dismissed the claim for continuance of compensation, but ordered that if he should elect to submit to an operation, as suggested by Dr. Garberson, defendant company should pay him compensation during the period he was confined to the hospital as a result of such operation, and during the time he was receiving treatment.

Plaintiff filed a motion for rehearing, which was denied. Subsequently, on April 20, 1931, he appealed to the district court. A record of the proceedings of the board was certified to the district court, and additional evidence was submitted at the hearing therein. The court made findings of fact and conclusions of law to the effect that plaintiff had sustained an industrial accident; that as a direct result thereof he was "now disabled to some extent"; that the exact percentage of disability had not yet been determined or fixed; that plaintiff was entitled to an operation without expense to himself; that if defendant should elect to furnish this necessary surgical treatment for the purpose of restoring him to normal, then during the time of confinement to the hospital and until his status should become fixed, he should receive compensation as and for the healing period at the maximum rate of $15 a week, commencing at the time of his entry for the operation; and that in the event defendant failed to furnish this hospitalization and treatment within thirty days, plaintiff should be entitled to nominal disability indemnity from June 7, 1930, at the rate of $7 a week and continuing until his full status of disability was determined, not to extend beyond the period provided by law in such cases.

Subsequently, and after considerable correspondence between the parties, arrangements were made whereby plaintiff submitted to an operation. This operation was performed at defendant's expense. Plaintiff entered the hospital on April 25, 1932, and remained therein for forty-two days. The operation did not prove as beneficial as had been anticipated, with the result that plaintiff continued in a condition of at least partial disability. Thereafter, on April 27, 1933, plaintiff, claiming total permanent disability, again filed a petition for determination of disability, and the matter again came on for hearing be-

fore the board. As a result of that hearing the board awarded plaintiff compensation for fifty-two weeks at $15 a week from August 13, 1933, stating that the only disability suffered by plaintiff which could be charged to his injury was that of neurosis.

On appeal to the district court, and after a hearing therein, the court in its findings of fact and conclusions of law found that the order of the board was erroneous in holding that the only disability suffered by plaintiff as a result of his injury was that of neurosis, and accordingly set aside that order. The court further found that as a result of the accidental injury, plaintiff was suffering a partial disability on October 13, 1933, "to the extent of sixty weeks compensation at the rate of $15 per week, which payments of compensation have been made to the date of the hearing on appeal to this court and which payments shall be continued until the full sixty weeks compensation at the rate of $15 per week shall have been paid by the defendant." The court rendered judgment accordingly. (Plaintiff's motion for a new trial was denied. He then prosecuted this appeal.

It will thus be observed that the board awarded plaintiff additional compensation for fifty-two weeks, and that on appeal the district court ordered the payment extended for eight weeks longer—a total of sixty weeks. Apparently it was the intention . of both the board and the district court to establish allowance of the respective number of weeks in each instance as the total and final allowance, and thereby to end the matter and make it *res judicata.*

Plaintiff contends that the proof on the hearing before the ▮▮▮ board showed that he not only had not recovered and was still unable to work, but was growing progressively worse. He contends that under our Compensation Law (Rev. Codes 1921, sec. 2924 et seq., as amended), which provides for compensation during the full term of disability not to exceed a specified number of weeks, the award should have been made for the full period of disability, not exceeding the maximum, and should not have been limited to the purely conjectural period in which the

injury might have healed, citing and relying on 71 C. J. 827, and *Sykes* v. *Republic Coal Co.*, 94 Mont. 239, 22 Pac. (2d) 157. He insists that both the board and the court erred in attempting to limit the time over which the period of compensation should be paid, and that they had no right to conjecture as to the time when he might have sufficiently recovered to justify the discontinuance of compensation. He takes the position that the award should have been made for the period of the disability and that the continuing jurisdiction of the board could have been invoked if the disability ceased or otherwise changed.

The question of continuing jurisdiction was involved in the recent case of *Meznarich* v. *Republic Coal Co., ante*, p. 78, 53 Pac. (2d) 82. There the matter was discussed at considerable length, and the construction of this court placed upon that feature of the law. What was said there is applicable here, and we need not repeat it. It is sufficient to say, however, that in accordance with the views expressed in that case, we must here hold that it was error to make a final order limiting payment of compensation either to fifty-two weeks or to sixty weeks. Neither the order of the board nor the one made by the court shows exactly how the result was attained. It is argued in the briefs that the results, that is, the number of weekly payments, were computed and achieved on some kind of percentage basis; but that is not made clear by either order.

Plaintiff is correct in his contention that after a type of disability has been finally ascertained, whether it be temporary-partial, temporary-total, permanent-partial, or permanent-total, payments must be made during the continuance of the disability, not exceeding the maximum time, in accordance with the law and as prescribed therein for the particular type of disability involved. It is not necessary that the total allowance all be included in one order, or all be made at one time; what we mean to say is that no order may be considered as full allowance unless the maximum is contemplated and included therein, and even then such order and allowance must still be subject to modification or change under the continuing jurisdiction of the board.

The nature and extent of the disability must, of course, be determined from the evidence. As was said in the *Meznarich Case*, supra: "Aside from the loss of members of the body, the extent of a man's disability is determined by answering the question as to whether or not he is able to earn wages by labor and, if so, how his earning capacity compares with that before injury. If he is still able to earn something as wages, his disability is partial; if not it is total."

Here there is some controversy based on evidence to the effect that plaintiff was able to do light work. This feature of the case doubtless had some bearing on the classification of the disability. There is no merit, however, in the suggestion that the burden was on plaintiff to prove not only that he could not work at his former occupation, but that he was totally incapacitated from obtaining remunerative employment of any kind. The general rule in this respect is stated in 71 C. J. 1071, as follows: "Where it is found that the employee is permanently and totally disabled so far as hard work or manual labor is concerned, but that he might do light work of a special nature not generally available, the burden is on the employer to show that such special work is available to the employee." This we think is the proper rule. It is supported by the weight of authority. (See *Sullivan* v. *Anselmo Min. Corp.*, 82 Mont. 543, 268 Pac. 495, 500; *Consona* v. *R. E. Coulborn & Co.*, 104 Pa. Super. 170, 158 Atl. 300; *White* v. *Tennessee Consol. Coal Co.*, 162 Tenn. 380, 36 S. W. (2d) 902; 2 Schneider on Workmen's Compensation Law, 2d ed., sec. 403, p. 1344; note in 33 A. L. R. 123.)

It will be observed that the court found that plaintiff suffered "partial disability" on August 13, 1933; but it must also be observed that the court at the same time and in the same order allowed plaintiff maximum weekly compensation and that it allowed it for a lesser number of weeks than the maximum for total disability. It seems reasonably certain from the record that plaintiff really suffered some type of total disability. The findings of the court were conflicting. The finding that the disability was partial of necessity conflicted with the allowance made for weekly indemnity which was on the maximum basis.

It is argued, as we have suggested, that the possibility that plaintiff could do some light work must have formed a part of the basis for the conflicting allowance. We do not think that the evidence was sufficient to justify the belief that the compensation could be reduced because of the possibility that plaintiff could obtain and perform some less remunerative light work. As was said in the case of *Sullivan* v. *Anselmo Min. Corp.*, supra: "All such testimony was vague, and there was not a particle of testimony as to what he might or could earn at any such employment, nor was there any testimony that he could obtain any such employment, if able to engage in it." It is obvious that it cannot be adduced from the testimony that plaintiff was actually able to earn anything in any other line of employment. That he was actually able to earn something was necessary in order to classify him as a partial disability only. (*Meznarich* v. *Republic Coal Co.*, supra.)

Plaintiff insists that the record requires that this court reverse the order and judgment of the lower court and award a judgment for total permanent disability and for the maximum number of weeks prescribed by the statute. As we have suggested, the defendant takes the position that the allowance already made by the district court must be considered as the total and final allowance due and to become due under the Workmen's Compensation Act. In view of the conflicting findings of the district court as hereinbefore pointed out, we think it is proper that the cause be remanded to the district court of Musselshell county for further proceedings in conformity with what has been said in this opinion.

Error is also predicated on the court's order striking from plaintiff's memorandum of costs and disbursements the item of $25 "reasonable expense of examination and report of Dr. E. C. Person." If this item is allowable, it must be so by virtue of that provision of section 9802, Revised Codes 1921, which reads as follows: " * * * such other reasonable and necessary expenses as are taxable according to the course and practice of the court, or by express provision of law." Counsel has cited us to no express statutory provision for the allowance

of such item of costs, and we know of no principle or practice by which it might be justified. The power to allow costs. is purely statutory; unless some statutory authority exists therefor, an allowance thereof is erroneous. (*Gahagan* v. *Gugler,* 100 Mont. 599, 52 Pac. (2d) 150; *Colusa Parrot M. & S. Co.* v. *Barnard,* 28 Mont. 11, 72 Pac. 45; 15 C. J. 24.) The court correctly struck the item in question from the cost bill.

For the reasons heretofore indicated, the judgment is reversed and the cause is remanded to the district court of Musselshell county for further proceedings in conformity with this opinion.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES MATTHEWS, ANDERSON and MORRIS concur.

Rehearing denied January 8, 1936.