No. 13204

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

GEORGE MILLER,

Claimant and Respondent,

-vs-

CITY OF BILLINGS and
STATE INSURANCE FUND,

Defendants and Appellants.

---

Appeal from:   District Court of the Thirteenth Judicial District,
Honorable Robert Wilson, Judge presiding.

Counsel of Record:

For Appellants:

Harris, Jackson & Utick, Helena, Montana
Andrew J. Utick argued, Helena, Montana

For Respondent:

Joseph P. Hennessey argued, Billings, Montana

---

Submitted:  September 10, 1976

Decided: OCT 18 1976

Filed: OCT 18 1976

Thomas J. Kearney
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

Defendants appeal from the decision of the district court, Yellowstone County, overturning the Workmen's Compensation Division of the Industrial Accident Board denial of benefits under the Workmen's Compensation Act, Title 92, R.C.M. 1947.

Claimant George Miller was employed by the City of Billings sanitation department for several years, and was assigned to the Billings landfill dump in 1963 to operate a dozer covering garbage. On April 5, 1966, claimant was "gassed" by diesel fumes from equipment and smoke from burning trash while working at the dump. He was taken home by a co-worker and his wife then took him to the emergency room of the Billings Deaconess Hospital where he was treated and released. The following day he was treated by a physician and he returned to work the next week. No claim or notification of this accident was given to his employers or to the Workmen's Compensation Division. Claimant continued to work at the city dump until his dismissal in October 1970.

On July 21, 1971 [5 years and 2 months after the gassing incident] claimant consulted Dr. A. Movius, a Billings physician, complaining of a severe cough and general debilitation he claimed began at the time of the gassing incident at the Billings landfill. The diagnosis: pulmonary fibrosis, scarring of the tubes carrying air into the lung's smaller cells.

On June 5, 1972, claimant filed a claim for recovery under the Workmen's Compensation Act. His claim was administratively denied. On January 31, 1973, claimant requested a hearing to adjudicate the liability of the City of Billings under the "Occupational Disease Act, R.C.M. Section 92-1304." At a Division hearing on

March 22, 1973, claimant's attorney elected "to proceed under the Occupational Disease Act, R.C.M., Section 92-1304." Following the hearing, claimant was referred to a pulmonary specialist, Dr. Harry Power, pursuant to the provisions of the Occupational Disease Act. By reports dated May 11, 1973 and June 5, 1973, Dr. Power stated he was unable to relate claimant's condition to employment rather than to his cigarette smoking without further studies, including an open lung biopsy. Claimant notified the Division he would not submit to the open lung biopsy. He was referred to a second pulmonary specialist, Dr. J. P. Byorth, in an effort to resolve the matter. Dr. Byorth concurred in Dr. Power's opinions and recommended a lung biopsy be performed to determine if the pulmonary disease of claimant was work related.

Prior to a decision by the Division, claimant changed the status of his claim from occupational disease to that of an industrial accident under the Workmen's Compensation Act. In an order dated April 26, 1974, the Division denied the claim both as an occupational disease and as an industrial accident.

Claimant appealed to the district court which reversed the Division order and awarded compensation on the basis of an industrial accident at 65% of the claimant's wage loss. The district court also remanded to the Division for determination of actual wage loss. Dr. Movius, claimant's physician was the only witness testifying at the district court hearing. His testimony was primarily a recapitulation of the testimony given before the Division--that claimant's condition was caused by many years of exposure to smoke and fumes at the landfill. The Division called no witnesses and offered objection to the claim either as an

occupational disease or as an industrial accident because the claim was filed long after the expiration of the claim filing period set forth in the respective acts.

The findings and decision of the Workmen's Compensation Division are presumed to be correct and if supported by credible evidence must be affirmed. Section 92-822, R.C.M. 1947 (since repealed); Birnie v. United States Gypsum Co., 134 Mont. 39,44, 328 P.2d 133; Hurlbut v. Vollstedt Kerr Co., ____Mont.____, 538 P.2d 344,347, 32 St. Rep. 752,755. The district court must affirm the Division order if the evidence does not clearly preponderate against its findings. Becktold v. Ind.Acc.Bd., 137 Mont. 119, 125, 350 P.2d 383; Stordahl v. Rush Implement Co., 148 Mont. 13, 417 P.2d 95; 3 Larson's Workmen's Compensation Law, §80.20. Section 92-834, R.C.M. 1947, (in effect in 1966, but since repealed) provided the district court may, upon good cause shown admit additional evidence. Section 92-835, R.C.M. 1947 (in effect in 1966, but since repealed), provided that if this additional evidence is substantial, the district court may be justified in reversing the Division even though the evidence adduced before the Division clearly preponderates in favor of its order. Murphy v. Industrial Accident Board, 93 Mont. 1, 16 P.2d 705; Hurlbut v. Vollstedt Kerr Co., supra.

Where the appeal to the district court is heard only on the Division's certified record or when the district court permits additional evidence to be introduced that is not important or adds nothing new to the case, the court is bound by the same rule of appeal which applies where the appeal is heard only on the certified record and the Division is entitled to a presumption the case was decided correctly. Kelly v. West Coast Const. Co.,

- 4 -

106 Mont. 463, 78 P.2d 1078; McAndrews v. Schwartz, 164 Mont. 402, 523 P.2d 1379; Erhart v. Great Western Sugar Co., ____Mont.____, 546 P.2d 1055, 33 St. Rep. 302.

In the instant case, the only testimony at the district court hearing was from Dr. Movius, which added nothing new or important to the evidence adduced at the Division hearing. Defendants are entitled to a presumption before this Court that the Division decision was correct.

The Division's denial of claimant's claim on the basis that no work-related injury or accident was established is justified. Claimant asserts the 1966 "gassing" was an accident which resulted in an injury and that subsequent daily exposures were also "accidents" which resulted in his disease. The definition of "Injury or injured" in 1966 (before amendment in 1967 and 1973) as it appeared in section 92-418, R.C.M. 1947, was:

> "* * * a tangible happening of a traumatic nature
> from an unexpected cause, resulting in either external
> or internal physical harm, and such physical condition
> as a result therefrom and excluding disease not traceable
> to injury."

In Miller v. Sundance Recreation, Inc., 151 Mont. 223, 230, 441 P.2d 194, the Court said the test as established in Lupien v. Montana Record Publishing Co., 143 Mont. 415, 419, 390 P.2d 455, is "whether or not there was something unusual or out of the ordinary (unexpected) as it pertained to the performance of the task which brought about an unexpected result of disability." In the instant case claimant was doing his usual work in the expected way at all times. His exposure to dust and smoke was a normal incident of employment at the landfill dump. His pulmonary fibrosis falls outside the definition of injury provided in section 92-418, R.C.M. 1947. Profitt v. J. G. Watts Construction

- 5 -

Co., 143 Mont. 210, 387 P.2d 703. Dr. Movius, claimant's witness, testified the condition developed over a long period of time and was "of insidious onset with gradual building up of the irritation" and was not triggered by any single episode. This is not an injury as contemplated by the statute. It is also clear claimant's pulmonary fibrosis is a disease, progressive in nature, and is not "traceable to injury" and not within the requirement of the statute.

Claimant is also barred from recovery by his failure to file a claim for compensation within one year of the date of his alleged accident, as required by section 92-601, R.C.M. 1947. This claim was filed 5 years and 2 months after the alleged accidental injury of April 1966, and 1 year and 7 months after claimant's employment was terminated by the City of Billings. The filing requirements of section 92-601, R.C.M. 1947, are mandatory in nature and compliance is essential to the existence of a right to have proceedings to compel payment of compensation. Williams v. Anaconda Copper Mining Co., 96 Mont. 204, 29 P.2d 649; Klein v. Independent Wholesale Associated Grocers, 167 Mont. 341, 538 P.2d 1358, 32 St. Rep. 738.

In this case, neither the employer nor the Division was apprised of the "gassing" of April 1966 until over 5 years after it occurred and over 1 year after termination of claimant's employment. Claimant although plagued from the time of the gassing to the present day by shortness of breath, weakness, coughing and other symptoms of chronic disease, failed to file a timely claim. This is not a case where we are dealing with a latent injury.

For the reasons discussed in this opinion, the decision of the district court is reversed.

*Wesley Castles*

- 6 -

We Concur:

_James G. Harrison_
Chief Justice

_Frank I. Haswell_

_John Conway Harrison_
Justices.