No. 13359

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

JOHN KENNETH SKRUKRUD,

Claimant and Appellant,

-vs-

GALLATIN LAUNDRY CO., INC., Employer,

and

EMPLOYERS COMMERCIAL UNION INSURANCE
COMPANY, INSURER,

Defendants and Respondents.

---

Appeal from: District Eighteen, Workers' Compensation Court
William E. Hunt, Judge presiding

Counsel of Record:

For Appellant:

Morrow, Nash and Sedivy, Bozeman, Montana
James H. Morrow argued, Bozeman, Montana

For Respondents:

Keefer and Roybal, Billings, Montana
Neil S. Keefer argued, Billings, Montana

---

Submitted: October 19, 1976

Decided: DEC 14 1976

Filed: DEC 14 1976

*Thomas J. Kearney*
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by an injured employee from the findings of fact and conclusions of law of the workers' compensation court in favor of the employer and its insurer. In substance, the workers' court held that the injured employee's proper category of disability was "temporary total disability"; that his compensation was fixed in amount and duration by such classification until further order; that a statutory offset for social security disability applied to his workers' compensation benefits; that he was not entitled to a lump sum settlement from the insurer; and, that his workers' compensation benefits were to cease when he attains the age of sixty-five.

The relevant facts are shown by the record: John Kenneth Skrukrud, claimant, was injured in an automobile accident in October 1972, while in the course and scope of his employment with Gallatin Laundry Company, Inc., employer. Employer was enrolled under Plan II of the Workmen's Compensation Act as it existed in 1972; Employers Commercial Union Insurance Company was its insurance carrier. Claimant was single with no dependents at the time of the accident.

As a result of his injury, claimant received chiropractic treatments and medical attention. He continued to work until March 8, 1973, when he was referred to an orthopedist. Thereafter he was hospitalized and received surgery for a herniated cervical disc and fusion of cervical vertebrae, and was twice again surgically treated for vertebrae fusion. Claimant has not worked since March 8, 1973, and continues to receive frequent medical attention.

Claimant has been receiving federal social security disability benefits from April 1973, to the present.

In May 1975, claimant made settlement with the United States government in compensation for the injuries he sustained in October 1972. The insurer has been partially satisfied as to its subrogation rights under section 92-204, R.C.M. 1947, as it existed in 1972. There is no dispute as to insurer's continuing right to subrogation to claimant's settlement.

Insurer has been paying biweekly compensation to claimant effective since March 1973, based upon the classification of claimant's injury as "temporary total disability". Initially these payments were $50 per week, then corrected to $55 per week. However, when insurer established that claimant was receiving social security disability benefits, it reduced its weekly workers' compensation benefits by offsetting fifty percent of his weekly social security benefit against the payments made under workers' compensation. This was done pursuant to section 92-701, R.C.M. 1947 as it existed in 1972 (Sec. 1, Ch. 174, Laws 1971), which section pertained solely to compensation for injury producing temporary total disability. The effect was to reduce claimant's workers' compensation benefits by almost half. As a result of the higher payments made to claimant prior to commencement of the offset reduction, insurer asserted it had overpaid claimant.

In July 1975, the insurer requested a hearing before the workers' compensation court to resolve factual and legal disputes which had arisen between claimant and insurer. Hearing was had in September 1975 before Workers' Compensation Judge William E. Hunt in Bozeman, Montana. On March 2, 1976, the workers' court issued its findings of fact and conclusions of law which held as

- 3 -

hereinbefore set forth. As no judgment or order was forthcoming, claimant appealed from the findings and conclusions to this Court pursuant to section 92-852(2), R.C.M. 1947.

Claimant presents five issues for review:

1. Did the workers' court err in finding that claimant's injury resulted in temporary total disability rather than permanent total disability?

2. Did the workers' court err in its determination of claimant's pre-injury earnings?

3. Did the workers' court err in refusing to order the balance of workers' compensation payments to be made in a lump sum settlement?

4. Did the workers' court err in holding that claimant's workers' compensation benefits shall cease absolutely when he attains the age of sixty-five years?

5. Do the various social security offset reduction provisions of Montana's workers' compensation laws violate the state and federal constitutions?

A determination of issues one through four requires this Court to review the record, findings and conclusions of the workers' court. This is the first appeal from the workers' compensation court to be reviewed by the Supreme Court. The law as it applied to judicial review of Workmen's Compensation Division decisions prior to July 1, 1975 is summarized in Miller v. City of Billings, ____Mont.____, 555 P.2d 747, 749, 33 St.Rep. 984, 986:

> "The findings and decision of the Workmen's Compensation Division are presumed to be correct and if supported by credible evidence must be affirmed. Section 92-822, R.C.M. 1947 (since repealed; Birnie v. United

States Gypsum Co., 134 Mont. 39, 44, 328
P.2d 133; Hurlbut v. Vollstedt Kerr Co., Mont.,
538 P.2d 344,347, 32 St. Rep. 752, 755. The
district court must affirm the Division order
if the evidence does not clearly preponderate
against its findings. Becktold v. Ind. Acc. Bd.,
137 Mont. 119, 125, 350 P.2d 383; Stordahl v.
Rush Implement Co., 148 Mont. 13, 417 P.2d 95;
3 Larson's Workmen's Compensation Law, § 80.20.
Section 92-834, R.C.M. 1947 (in effect in 1966,
but since repealed), provided the district court,
may upon good cause shown admit additional evidence.
Section 92-835, R.C.M. 1947 (in effect in 1966, but
since repealed), provided that if this additional
evidence is substantial, the district court may be
justified in reversing the Division even though
the evidence adduced before the Division clearly
preponderates in favor of its order. Murphy v.
Industrial Accident Board, 93 Mont. 1, 16 P.2d 705;
Hurlbut v. Vollstedt Kerr Co., supra.

"Where the appeal to the district court is
heard only on the Division's certified record or when
the district court permits additional evidence to
be introduced that is not important or adds nothing
new to the case, the court is bound by the same
rule of appeal which applies where the appeal is heard
only on the certified record and the Division is en-
titled to a presumption the case was decided correctly.
Kelly v. West Coast Construction Co., 106 Mont. 463,
78 P.2d 1078; McAndrews v. Schwartz, 164 Mont. 402,
523 P.2d 1379; Erhart v. Great Western Sugar Co.,
Mont., 546 P.2d 1055, 33 St.Rep. 302."

See also: Kimball v. Continental Oil Co., ____Mont.____, 550

P.2d 912, 33 St.Rep. 517.

Under the law as it now exists, this Court directly re-

views the decision of the workers' court, section 92-852(2),

R.C.M. 1947. The workers' court proceedings are administrative

in nature and quasi-judicial, sections 92-852(1) and 82A-1016,

R.C.M. 1947. The appropriate scope of this Court's review should

be no different than it was under former law as expressed in

above cited cases; that is, worker's court decisions will not be

overturned if there is substantial evidence to support its findings

and conclusions.

With the foregoing in mind, we discuss the issues.

With respect to claimant's injuries, the workers' court made this finding:

> "* * * That the medical evidence viewed in its totality and particularly the report of July 7, 1975, from Dr. Robert C. Wood, neurosurgeon, with the Billings Clinic of Billings, Montana, claimant's Exhibit 5, wherein Dr. Wood states:
>
> "'It is my impression this man has the following diagnosis: 1. Postoperative anterior cervical disc removals and fusions x 3 with chronic residual neck and right arm pain. 2. Secondary severe cervical spine limitation of motion. 3. Functional weakness of both arms.
>
> "'This man is permanently disabled by his disease and his operations. These problems have rendered this man 100 percent permanently and totally disabled. Solidifying this patient's disability is his emotional reaction to the problem as he is obviously convinced in his own mind that he has been totally disabled and he will ever be so.
>
> "'I do not think there is a ghost of a chance of ever returning this man to gainful employment. He is certainly not an operative candidate due to his functional augmentation of his present problems; and, if anything, he has had more than his share of surgery already.'
>
> "Place claimant's disability under the category of 'temporary total disability,' for a period of time not to exceed 300 weeks from date of injury, as provided by Section 92-701, R.C.M. 1947, as it provided on October 14, 1972, * * *. That the emotional reaction complication to claimant's disability has not been determined to be permanent in nature and not subject to psychiatric treatment. That until this showing has been made to the satisfaction of this Court by either the claimant or the insurance carrier the proper classification for claimant's disability should be 'temporary total disability' * * *."

The record, including Dr. Wood's report, does not sustain this finding. All that is necessary is to read the quoted portion of Dr. Wood's report. Dr. Wood was retained by insurer to examine claimant, and his "Attending Physician's" report unequivocally classified claimant as "100%", "permanently" disabled. Claimant's orthopedic surgeon stated several times that claimant should be

considered unemployable for any kind of work.  There is no evidence to contradict these matters of record.  The fact that claimant's "emotional reaction" to his condition is "solidifying" to his problem does not warrant the workers' court to find that the problem is temporary; there is simply no evidence which supports any conclusion other than that claimant was found by insurer's own choice of doctor to be permanently totally disabled as a result of his injuries.

Because the workers' court erred in placing claimant in the category of "temporary total disability", its conclusion of law number 2, that claimant's disability was governed by section 92-701, R.C.M. 1947, is error.  At the time of claimant's injury, section 92-702, pertaining to permanent total disability, was in effect and is controlling in this case.  Upon remand, the workers' court shall apply the provisions of section 92-702, as it existed in 1972, to determine claimant's proper compensation rate.

Claimant's second issue concerns the workers' court determination of claimant's pre-injury earnings.  Inasmuch as we have held that former section 92-702 applies to his rate of compensation, this question becomes moot.  Under either claimant's or insurer's calculations, claimant is entitled to the same statutory maximum of compensation for the 500 week period provided in section 92-702, R.C.M. 1947, in 1972.

Claimant's third issue concerns his request in writing that he be awarded a lump sum settlement for the balance of his compensation, as authorized in former section 92-715, R.C.M. 1947.  The workers' court found claimant had demonstrated no financial need for such settlement.  In view of the fact that section 92-715 vested the Industrial Accident Board (now the Workers' Compensation

Division) with discretion in matters of settlement, and there is substantial evidence to support the court's finding, we see no reason to reverse the workers' court finding; if good cause later appears for such a settlement, the Workers' Compensation Division has continuing authority to so order.

Claimant's fourth issue concerns the worker's court decision that when claimant attains age sixty-five in January 1977, and his social security disability payments automatically convert by operation of federal law into equal social security retirement payments, claimant is deemed by federal law to have completely withdrawn from the regular labor market and is therefore no longer entitled to any workers' compensation benefits under state law. That is, removal from the labor market terminates the state's obligation to compensate one who is no longer a member of the federally recognized labor force; or, as insurer states in its brief, "compensation ceases when the fact of inability to earn in the open labor market ceases." It is difficult to determine from the workers' court findings or from the insurer's brief and argument whether this position is related to the statutory offset for social security benefits under section 92-701, R.C.M. 1947, or whether it is urged as a general proposition relating to all workers' compensation beneficiaries. In either case, however, it is clear the workers' court erred. No authority is cited, and we have found none, for the flat proposition that workers' compensation benefits terminate upon retirement.

Insurer asserts this practice is suggested by the statutory framework of Montana's Workers' Compensation Act because workers'

compensation is compensation for loss of earning capacity and retired persons do not have earning capacity. The superficial logic of this argument is overcome by the specific statute applicable in the instant case. Section 92-702, R.C.M. 1947, as effective in 1972, provided the rates of compensation for permanent total disability and stated in part:

> "* * * Such compensation shall be paid during the period of disability, but for the period not exceeding five hundred (500) weeks from the date of injury. * * *"

No provision is made for early cessation of benefits, if the injured employee reaches retirement age before the running of the 500 week period. Obviously, the legislature would have included such an important provision if it had so intended the statute to operate. In construing a statute, courts cannot insert what has been omitted. Section 93-401-15, R.C.M. 1947; Dunphy v. Anaconda Co., 151 Mont. 76, 438 P.2d 660 and cases cited therein. Therefore, claimant's workers' compensation benefits shall not terminate when he attains the age of sixty-five.

Finally, claimant asks this Court to rule on the constitutionality of the social security offset reduction provisions of sections 92-701 (now repealed), 92-701.1 and 92-702.1, R.C.M. 1947. We have determined that section 92-701 is inapplicable to this case; and, the latter two sections were not enacted until after claimant's injury and were not relied upon by the workers' court. Therefore, the constitutional question is not in issue and this Court will not decide such questions when not necessary to its decision. Taylor v. Taylor, 167 Mont. 164, 537 P.2d 483, 32 St.Rep. 575; Montana State University v. Ransier, 167 Mont. 149, 536 P.2d 187, 32 St.Rep. 569, and cases cited therein.

This case is remanded to the workers' court with directions to enter a finding to the effect that claimant is permanently totally disabled, and that his compensation shall be paid over a period of 500 weeks from the date of injury. There shall be no reduction of workers' compensation benefits for social security payments received by claimant since April 1973, and benefits shall not cease when claimant attains age sixty-five. Past payments to claimant shall be adjusted in conformity with the law.

Reversed and remanded with directions.

_____
Justice

We Concur:

_____
Chief Justice.

_____

_____
Justices.

_____
Hon. Jack L. Green, District
Judge, sitting for Justice
Wesley Castles.