Lunsford *v.* A. C. Lawrence Leather Co.

(*Knoxville,* September Term, 1949.)

Opinion filed December 17, 1949.

CRAWFORD & HURD, of Newport, for employer.

SUSONG, PARVIN, FRAKER & ROGAN, of Greeneville, for employee.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This is a Workmen's Compensation case. The trial judge found that the employee, Lunsford, was totally and permanently disabled from doing manual labor, but that since the injury, and before the trial of the cause, the employee had been doing work of firing the furnace in the apartment where he lived for which he received

$25 dollars per month for six months in the year, that this would be considered in relation to the amount that he earned from the employer and that, therefore, the employee had an eighty-five per cent permanent partial disability.

Both parties have appealed. The employer takes the position, (1) that the extent of the injuries received by the employee are not as great as found by the trial judge; (2) that the burden of proof as respects the availability for work the employee is capable of doing is on the employee and not on the employer. The employee by his appeal takes the position that his disability is total and permanent.

The employee's injuries were to his low back and consisted of a ruptured intervertebral disc. The accident and resulting injury is shown to have occurred on October 22, 1947. Some two years prior to this time the employee had had an operation for a similar back ailment or injury. This, though, had apparently been corrected. Unquestionably under the proof the injury here complained of at least excited or aggravated the previous weakened condition of the employee for which the employer is liable. *Swift & Co.* v. *Howard*, 186 Tenn. 584, 212 S. W. 2d 388.

The record shows, in support of the finding of the trial judge, that for a number of years prior to the injury complained of the employee had done manual labor to earn his livelihood. He had completed the eighth grade in school. His education, training and experience qualified him only to perform manual labor. The injury complained of was received by the employee while working as a laborer at employer's plant and while the employee was in the process of lifting a heavy sack of material

weighing in excess of one hundred pounds. Some years prior to going to work for the employer the employee did operate a small country store and had worked for a short time in a knitting mill. The proof, though, does show and clearly supports the finding of the trial judge that the qualifications of the employee were those of a manual laborer and not otherwise. See *Anderson* v. *Volz Const. Co.*, 183 Tenn. 169, 173, 191 S. W. 2d 436; *Johnson* v. *Anderson*, Tenn. Sup., 217 S. W. 2d 939; *Lucey Boiler & Mfg. Corp.* v. *Hicks*, Tenn. Sup., 222 S. W. 2d 19, 20.

After the injury was received by the employee the employer paid him compensation for thirty-three weeks pursuant to the terms of the Workmen's Compensation Act. At this time the employee at the request of the employer returned to work at a different class of work and worked for about six and one-half hours, when, according to the employee, he "couldn't stand up under the job, I went down and I had to go home." The record further discloses that some time subsequent to this time the employee tried to change a tire on a car but was unable to do the work, and as a result of trying to change this tire, soreness and stiffness developed in his back and he was not able to walk around for a week or two. The record further shows that on another occasion the employee attempted to carry a bushel of potatoes for about 300 yards but was unable to do so and as a result of this he was sore in his back for some two or three weeks and could hardly walk. The record also shows that the employee attempted to but was unable to perform heavy work and that his legs would give out on him and he would have difficulty in walking.

 The record is largely made up of medical testimony. The various doctors who testified placed the percentage of disability of the employee from ten to fifty percent. All the doctors, that is, the greater portion of them at least, say that the employee is unable to do heavy manual labor, but that he could do light work such as that of a night watchman, guard, bookkeeper or working in a store. It is on this testimony—the various doctors as to the percentage of disability—that the employer asks us to weigh this testimony and determine that the percentage of disability of the employee is not more than twenty-five percent or far less than that as found by the trial judge. There is material evidence in the record, which the trial judge believed, supporting his finding that the extent of disability of the employee was far greater than that as estimated by the various physicians. The fact that a man's back retained seventy-five percent of its normal function does not prove that he has the strength or endurance to do seventy-five percent of a day's work. A person may retain all the normal bodily functions of his organs and still be so weak or in such condition that he would be totally disabled from maintaining remunerative employment. *Crane Enamel Co.* v. *Jamison,* Tenn. Sup., 217 S. W. 2d 945, 948, 949.

The trial judge found that due to the man's educational training and background he was "able to do a lighter class of work, such as nightwatching or janitor work. He is only fitted to do odd jobs or perform special work, and the evidence and answer of the defendant failed to disclose that such positions or jobs are available to petitioner."

 Under the facts, this case is clearly brought within the rules as laid down by this Court in *White* v.

*Coal Co.,* 162 Tenn. 380, 36 S. W. 2d 902, and *Walker* v. *Blue Ridge Glass* Corp., 165 Tenn. 287, 54 S. W. 2d 722, 723. The court there quoted with approval from an English case wherein it is said: ''I think it is incumbent on the employer to show that such special employment can, in fact, be obtained by him.'' In other words, those cases hold that where the record shows, to the satisfaction of the trial judge, that the man is only qualified to do light work or odd jobs or special work of that kind that then the burden is on the employer to show that such work or jobs are available for the employee. If such jobs were made available and tendered the employee and the employee refused them then he would not be entitled to compensation. Code, Section 6878.

It, therefore, seems to us in view of the two cases last above cited that the error assigned as to the burden of proof herein is answered by those cases contrary to the contention of the employer. The rule as laid down in those cases which has been followed since that time seems reasonable to us and we see no reason to disturb such a holding. The evidence herein clearly brings this employee within the purview of that rule.

█ Finally, the burden of proof rests upon the employee to establish every essential element or requisite of his claim by a preponderance of the evidence, but where the employer claims certain things as a bar to compensation claimed by the employee then the burden rests upon the employer to establish those facts which he claims as a bar to the compensation claimed by the employee. Under the facts herein the employer is taking the position that the employee can locate other work of a lighter nature or odd jobs so as to reduce its responsibility. Clearly under this situation the burden of proof

rests upon the employer to establish the fact that the employee can find these odd jobs or special work that he is capable of doing.

■ In establishing the percentage of disability of the employee herein the trial judge took the amount of money that the employee was earning subsequent to his injury, at the time of trial, in proportion to the amount of money that the employee earned prior to his injury and in this way arrived at his disability of eighty-five per-cent permanent partial disability. This seems logical and to come within the purview of the Act, Code Section 6878, wherein it is said: "In all other cases of permanent partial disability not above enumerated the compensation shall be sixty per centum of the difference between the wage of the workman at the time of the injury and the wage he is able to earn in his partially disabled condition subject to a maximum of twenty dollars per week. Com-pensation shall continue during disability, not, however, beyond three hundred weeks." We think that the trial judge arrived at the correct computation under his find-ing herein.

■ The work that the employee was doing, firing a furnace in the apartment house in which he lived, was employment of the employee which he had secured and was some evidence of his ability to do some work. This earning amounted to wages for the employee even though he was taking this in payment for his rent for this par-ticular apartment. If he had been going out somewhere else and earning twenty-five dollars per month doing this work it certainly would be considered as wages and we see no reason, merely because he was firing the fur-nace to pay his rent, why it should not likewise be con-

sidered as wages earned by the employee in his disabled condition.

■ We think, too, that the trial judge arrived at the correct computation as to how to figure the average weekly wages thus earned by the employee in his disabled condition. Here the employee, for seasonable employment, was earning for a period of six months in the year only $150. The record clearly shows that this was not a year around job—not one of those jobs which should be divided by fifty-two weeks where he might work the year around—but was only seasonable employment for approximately twenty-six weeks or half of the year. Therefore it seems to us that the trial judge, trying to get at a fair estimate of what the earnings of the employee were for this period, properly divided these earnings over a period of six months by twenty-six to arrive at the average weekly wage rather than to divide it by fifty-two.

We have very carefully considered this record and the excellent briefs filed herein. We have made some extended independent investigation because of the interesting questions involved in an effort to do complete justice to both parties. We are satisfied with the result below and accordingly affirm the judgment of the trial judge.

All concur.