PULASKI RUBBER COMPANY, Appellant,

v.

Thomas A. ROLIN, Appellee.

Supreme Court of Tennessee.

June 5, 1972.

W. Howell Forrester, Pulaski, for appellant.

Jack B. Henry, Pulaski, for appellee.

OPINION

CRESON, Justice.

The record in the instant case involves a Workmen's Compensation proceeding instituted in the Circuit Court of Giles County. The trial court entered judgment in favor of appellee, awarding benefits for 25% permanent partial disability to the right arm.

In the course of this opinion the parties will be referred to as they appeared in the trial court; that is, Thomas A. Rolin, as petitioner, and Pulaski Rubber Company, as defendant.

On March 31, 1971, petitioner filed his complaint. He alleges that on April 28, 1970, he was injured in the course and scope of his employment with defendant "by means of an electrical shock to the neck and the right elbow"; that as a result of this accident petitioner underwent surgery which entailed the "transplantation of the ulnar nerve" where the nerve "passes along . . . the inner aspect of the elbow"; that petitioner suffers "from pain and numbness" in the right arm and thumb; and that petitioner has "permanent partial physical impairment to the body."

In its answer defendant admits that petitioner suffered an injury to his right elbow and neck in the course of his employment and that petitioner underwent surgery on his right elbow. However, defendant denies that petitioner suffered a "permanent partial physical impairment to the body".

The evidence introduced in the court below may be summarized as follows:

Petitioner was 44 years old at the time of the accident. Mr. Rolin's duties with defendant required him to lift "rubber boards" from a conveyor belt and place them in a storage area overhead. While petitioner was performing his duties, he touched the conveyor belt and an air valve and received an electrical shock. In describing the accident petitioner said, "I

just touched the conveyor and air valve and it almost blowed my elbow out".

After the accident petitioner stated that he "got hot" and "had the blind staggers". Mr. Rolin was taken by a co-worker and the foreman outside defendant's plant to get some fresh air. On April 30, 1970, two days after the accident, petitioner was examined by Dr. William H. Murrey, of Pulaski, Tennessee. After treating petitioner for approximately three weeks, Dr. Murrey referred him to Dr. Brant Lipscomb of Nashville. After remaining in Dr. Lipscomb's care for approximately two months, petitioner was advised surgery would be necessary. On August 17, 1970, petitioner underwent an operation to transplant the ulnar nerve at the right elbow.

After petitioner returned to work he was assigned to perform the same duties that he had prior to the accident. Mr. Rolin testified that the injury affected his ability to do his job; that his right arm and thumb were numb; and that he had lost approximately one-half of the use of his right arm. Six co-workers also testified that petitioner has not been able to perform his job as efficiently as he could before the accident. All of the co-workers stated that petitioner could not lift the "rubber boards" from the conveyor belt as fast as he could before.

The only medical evidence of permanence in the record consists of a letter from Dr. Lipscomb to defendant's Workmen's Compensation carrier and a letter from Dr. C. M. Hamilton to plaintiff's attorney. These letters were introduced into evidence by defendant.

Dr. Lipscomb in his letter dated December 10, 1970, stated that after the surgery petitioner retained "a small amount of permanent partial disability based on the right arm as a whole, and amounting to approximately 10%". Mr. Rolin was examined by Dr. Hamilton on January 12, 1971. Dr. Hamilton concurred in Dr. Lipscomb's estimate that petitioner had sustained a "10% permanent partial physical impairment" of the right arm.

As has been stated above, the trial judge determined that petitioner sustained a 25% permanent partial disability to the right arm and awarded him benefits. Defendant seasonably perfected an appeal-in-error to this Court. There are two assignments of error to the judgment of the court below. They are:

"(1) Because the judgment of the Court is contrary to the law and the evidence.

(2) Because the medical proof shows that the disability was not in keeping with the judgment of the Court."

■ In reference to the first assignment, it is sufficient to point out the well established rule that an assignment of error asserting that the "Judgment of the Court is contrary to the law and the evidence", is too general and will not be considered on appeal. General Motors Corp. v. Dodson (1960) 47 Tenn.App. 438, 338 S.W.2d 655.

■ Under the second assignment defendant argues that the trial court erred in awarding petitioner 25% permanent partial disability in view of the fact "the doctor's statements" showed that plaintiff was only 10% permanent partially disabled.

The second assignment is not sound. It is the well established rule that the extent of disability in a workman's compensation case is a question of fact and the findings of fact made by the trial court are conclusive upon this Court on appeal if supported by any material evidence. A. C. Lawrence Leather Company v. Loveday (1970) 224 Tenn. 317, 455 S.W.2d 141.

This Court has consistently recognized that there are differences between the legal and medical definition of disability. In Federated Mutual Implement & Hardware Insurance Company v. Cameron (1967) 220 Tenn. 636, 422 S.W.2d 427, we said:

"This Court recognizes that there are differences between the medical and the

legal meaning of disability under the Workmen's Compensation statutes. Chief Justice Burnett, in Lunsford v. A. C. Lawrence Leather Co. (1949) 189 Tenn. 293, 225 S.W.2d 66, and the late Justice White, in McKenzie v. Campbell & Dann Mfg. Co. (1962) 209 Tenn. 475, 354 S.W.2d 440, have ably delineated the variance. The measures of disability, in a medical sense, are substantially more narrow than those contemplated by the Workmen's Compensation statutes. In determining what may constitute permanent total disability, the concepts embodied in Workmen's Compensation take into account many pertinent factors, including skill, education, training, duration and job opportunity for the disabled."

After reviewing the entire record we are convinced that there was material evidence to support the finding of the trial judge.

It results that the judgment of the trial court is affirmed. The costs of this appeal are taxed to defendant.

DYER, C. J., HUMPHREYS and Mc-CANLESS, JJ., and MILES, Special Judge, concur.