IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 25, 2017 Session

## JANE DOE, ET AL. v. P.F. CHANG'S CHINA BISTRO INC., ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-003016-11, CT-004140-11      Donna M. Fields, Judge**

———————————————————

**No. W2016-01817-COA-R9-CV**

———————————————————

This interlocutory appeal arises out of a tort action brought by a restaurant manager against her employer for injuries she received during the course of a robbery and rape by a cook at the restaurant where both were employed. The employer moved for summary judgment, contending that the workers' compensation law provided the exclusive remedy for the employee. The trial court denied the motion, holding that the injuries the employee sustained did not arise out of the employment. Upon review, we affirm the denial of summary judgment and remand the case for further proceedings.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Affirmed; Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KENNY W. ARMSTRONG, JJ., joined.

Glen G. Reid, Jr. and Kathryn K. Van Namen, Memphis, Tennessee, for the appellant, P.F. Chang's China Bistro, Inc.

Gary K. Smith and Karen M. Campbell, Memphis, Tennessee, for the appellees, Jane Doe and John Doe.

## OPINION

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Jane Doe worked as a hospitality manager at P.F. Chang's China Bistro in Memphis. Close to midnight on the night of September 12, 2010, she was in the restaurant's office performing closing procedures with the door to the office locked. Ms.

Doe answered a knock at the door, and a masked man entered brandishing a gun.  The man directed her to sit in a chair, where he put tape on her face and asked for the code to the safe; he proceeded to open the safe and take out the money.  He then instructed Ms. Doe to move to another chair, where he tied her arms to the sides of the chair, tied her legs, and put more tape on her face.  He then put the money from the safe into a bag, came to the chair where Ms. Doe was restrained, removed her clothes, and proceeded to rape her.  The man was later determined to be Jorge Ricardo Rojas-Morin, an employee of the restaurant, who had been at work that evening and, after getting off work, had jammed the emergency door to prevent it from closing, gone to his vehicle to change clothes, returned to the restaurant, and committed the crimes.

Jane Doe and her husband ("Mr. and Mrs. Doe") filed a complaint on June 24, 2011, against P.F. Chang's and Rojas-Morin for the injuries she sustained.[1]  The complaint asserted causes of action against both defendants for intentional infliction of emotional distress, outrageous conduct,[2] negligent infliction of emotional distress, and loss of consortium.  As to P.F. Chang's, the complaint asserted causes of action for negligence, gross negligence, negligent hiring, intentional misrepresentation, misrepresentation by concealment, vicarious liability, and constructive discharge.  The complaint asserted causes of action against Rojas-Morin for false imprisonment, sexual assault, and assault and battery.  Mr. and Mrs. Doe sought damages for physical and emotional pain and suffering; physical disfigurement; medical bills and expenses; loss of enjoyment of life; and lost wages and loss of earning capacity.

P.F. Chang's moved to dismiss the complaint on the ground that the claims were barred by the exclusive remedy provision of the Tennessee Workers' Compensation Act at Tennessee Code Annotated section 50-6-108(a).  The trial court denied the motion, holding that "beating, rape, humiliation, and violation of an individual's dignity and self-

---

[1] On September 9, Mr. and Mrs. Doe also filed suit against Crazy Dog Inc., doing business as Glass Doctor of Memphis; Belz Park Place G.P.; and Belz/South Bluffs Inc.  The complaint alleged that Belz Park Place and Belz/South Bluffs were negligent in failing to provide adequate security at the shopping center in which the restaurant was located, and that Glass Doctor of Memphis was negligent in its installation of the tinted glass in the window of the office at P.F. Chang's.  Due to the lighting in the office and the way the window in the office door was tinted, the complaint alleged that one could not see into the hallway, though a person standing in the hallway could see into the office.  On January 24, 2013, the trial court granted Plaintiffs' motion to consolidate the two suits, holding that both matters "involved common questions of law and fact."  The court granted summary judgment to Crazy Dog Inc. on May 12, 2016.  P.F. Chang's is the only defendant involved in this interlocutory appeal.

[2] This suit was filed before the Tennessee Supreme Court's decision in *Rogers v. Louisville Land Co.* was rendered; in that case the Court held that "[i]ntentional infliction of emotional distress and outrageous conduct are different names for the same cause of action—not two separate torts." 367 S.W.3d 196, 204 (Tenn. 2012).

esteem are not risks inherent to the Plaintiff's work environment at P.F. Chang's China Bistro."

Thereafter, P.F. Chang's answered the complaint, admitting some factual allegations and denying others, denying liability, and asserting numerous affirmative defenses, including that the "claims are barred by the exclusive remedy provisions of the Tennessee Worker's Compensation Act." After engaging in discovery, P.F. Chang's moved for summary judgment, arguing:

> Because Plaintiffs' claims arose out of and in the course of her employment, workers' compensation is Plaintiffs' exclusive remedy against P.F. Chang's. All relevant discovery has been completed in this case, and it is clear that Jane Doe was performing managerial tasks on the premises of the restaurant when she was assaulted by a fellow employee. The incident was not based on personal spite, ill will, hatred, or anger toward Jane Doe, nor is there any evidence of actual intent to injure Plaintiffs. Further, applicable law is clear that rape in the workplace is exclusively covered by workers' compensation.

In support of the motion, P.F. Chang's filed a statement of eight undisputed facts, each of which was culled from the complaint. The Plaintiffs responded, disputing two of the statements of fact. First, as to the statement that "'After he obtained the money, [the assailant] raped Jane Doe' in the office at the restaurant," Plaintiffs responded by stating "Disputed as stated," and setting forth additional details of the rape. As to the statement that "Jane Doe was physically injured during the course of the rape and robbery," Plaintiffs responded by stating "Disputed as stated," and asserting that Jane Doe was injured emotionally as well as physically.[3] Plaintiffs also filed a statement of 21 additional undisputed facts in opposition to the motion, taken from the depositions of P.F. Chang's corporate representative Art Kilmer, Jane Doe, and John Doe, which Plaintiffs contended "are material to the issues and create genuine issues of material fact." In its response, P.F. Chang's disputed all of the additional statements as "immaterial to the issues presented in P.F. Chang's Motion for Summary Judgment."

After a hearing, the trial court denied the motion, holding:

> [T]his Court finds that Defendant P F. Chang's is not entitled to judgment as a matter of law because there is at least a genuine issue of material fact as to whether the rape and sexual assault in this case can be deemed to have arisen out of Doe's employment, and for all of the reasons stated above, this Court specifically finds that the rape and sexual assault in this case did not arise out of Doe's employment. For this reason, the Plaintiffs' claims

---

[3] Plaintiffs' disputes were supported by citations to the depositions of each plaintiff.

would not be compensable in this case under Tennessee's Workers' Compensation Law and the exclusive remedy provision of the Tennessee Workers' Compensation Act does not bar this action in tort.

P.F. Chang's moved for permission to appeal in accordance with Rule 9 of the Tennessee Rules of Appellate Procedure and to stay the action; the trial court granted the motion. This Court granted P.F. Chang's application, and we consider the following issue:

> Whether the trial court erred in denying Defendant P.F. Chang's motion for summary judgment on the ground that the Tennessee Workers' Compensation Law, Tennessee Code Annotated Sections 50-6-101 *et seq.*, provides the exclusive remedy for the injuries alleged in the complaint.

## II. ANALYSIS

### A. SUMMARY JUDGMENT STANDARD

A party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits … show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. Prior to July 1, 2011, courts that were considering motions for summary judgment were to apply the standard set forth in *Hannan v. Alltel Publishing Co.*, 270 S.W.3d 1 (Tenn. 2008); for cases filed after July 1, 2011, courts were to apply Tennessee Code Annotated section 20-16-101.[4] In *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235 (Tenn. 2015), our Supreme

---

[4] Tennessee Code Annotated section 20-16-101 states:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

The standard created by the statute and the procedure established by *Rye* are ostensibly the same. *See e.g., Rogers v. Blount Mem'l Hosp., Inc.*, No. E2015-00136-COA-R3-CV, 2016 WL 787308, at *7 (Tenn. Ct. App. Feb. 29, 2016) (Swiney, C.J., concurring); *Thomas v. Standard Fire Ins. Co.*, No. E2015-01224-COA-R3-CV, 2016 WL 638559, at *7 (Tenn. Ct. App. Feb. 17, 2016) (Swiney, C.J., concurring); *Manning v. Manning*, No. E2015-02082-COA-R3-CV, 2016 WL 3640317, at *3 n.2 (Tenn. Ct. App. June 30, 2016), *perm. appeal dismissed* (Sept. 22, 2016).

Court adopted the standard applicable to summary judgment practice under Federal Rule of Civil Procedure 56 and held:

> [I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production by either (1) affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the moving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. . . . "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. . . . [S]ummary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. . . .

477 S.W.3d at 264-65. As noted in *Manning v. Manning*, the standard set forth in *Rye* is controlling and is to be applied retrospectively. E2015-0282-COA-R3-CV, 2016 WL 3640317, at *3 n.2 (Tenn. Ct. App. June 30, 2016). Inasmuch as this suit was filed prior to July 1, 2011, and the motion for summary judgment resolved in 2016, the *Rye* standard was correctly applied by the trial court.

This court reviews the trial court's ruling on a motion for summary judgment *de novo* with no presumption of correctness, as the resolution of the motion is a matter of law. *Rye, 477 S.W.3d at 250* (citing *Bain v. Wells,* 936 S.W.2d 618, 622 (Tenn. 1997); *Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010)). We view the evidence in favor of the non-moving party by resolving all reasonable inferences in its favor and discarding all countervailing evidence. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003); *Godfrey v. Ruiz*, 90 S.W.3d 692,695 (Tenn. 2002).

## B. EXCLUSIVITY OF THE WORKERS COMPENSATION LAW[5]

Employers and employees in Tennessee subject to the Workers' Compensation Law, Tennessee Code Annotated section 50-6-101 *et. seq.*, "shall, respectively, pay and accept compensation for personal injury or death by accident arising out of and in the course of employment without regard to fault as a cause of the injury or death[.]" Tenn.

---

[5] Because Ms. Doe's injury occurred in 2010, we examine the statute in effect prior to the Legislature's amendment of the statute in 2014.

Code Ann. § 50-6-103(a) (2008).[6] The remedies provided by the workers' compensation law are exclusive if the injury arose out of and in the course of employment. Tenn. Code Ann. § 50-6-108(a).

Inasmuch as P.F. Chang's asserted as an affirmative defense that the workers' compensation law is the exclusive remedy for Ms. Doe's injuries, P.F. Chang's would bear the burden of proof at trial to show by a preponderance of the evidence that the injury fell within the scope of the workers' compensation law. *See Cloyd v. Hartco Flooring Company*, 274 S.W.3d 638, 647 (Tenn. 2008); *Lunsford v. A.C. Lawrence Leather Co.*, 225 S.W.2d 66, 69 (Tenn. 1949)) ("[T]he employer has the burden of proof to establish facts which the employer claims as a bar to the [workers'] compensation claim, such as the expiration of the statute of limitations."). To meet its burden, P.F. Chang's was required to set forth undisputed facts establishing that the injuries arose out of and in the course of her employment.

"To qualify as a compensable workers' compensation claim, the injury must both 'arise out of' and occur 'in the course of' employment." *Coleman v. St. Thomas Hosp.* 334 S.W.3d 199, 203 (Tenn. Ct. App. 2010). Our Supreme Court has explained the distinction as follows:

> The phrase, "in the course of," refers to time and place, and "arising out of," to cause or origin; and an injury by accident to an employee is "in the course of" employment if it occurred while he was performing a duty he was employed to do; and it is an injury "arising out of" employment if caused by a hazard incident to such employment.

*Anderson v. Save-A-Lot, Ltd.*, 989 S.W.2d 277, 279–80 (Tenn. 1999) (quoting *Travelers Insurance Company v. Googe,* 397 S.W.2d 368, 371 (Tenn. 1965)).

The parties agree that Ms. Doe was performing closing procedures in the restaurant's office at the time of the assault; this establishes that the injuries occurred "in the course of" her employment. To meet its burden to show that the injury "arose out of" her employment, on appeal, as in the trial court, P.F. Chang's relies on allegations in the complaint that, on the night of the assault, Ms. Doe was the manager performing the customary duties of her job and argues that Jane Doe was robbed and sexually assaulted

---

[6] The phrase "injury . . . by accident" in the statute has been held to include injuries such as those resulting from a non-accidental stabbing, *see Bell v. Kelso Oil*, 597 S.W.2d 731 (Tenn. 1980); *DeBow v. First. Inv. Property, Inc.,* 623 S.W.2d 273 (Tenn. 1981); a shooting, *see Hudson v. Thurston Motor Lines*, Inc. 583 S.W.2d 597 (Tenn. 1979); and an attack and pistol whipping, *see Braden v. Sears, Roebuck and Co.*, 833 S.W.2d 496 (Tenn. 1992). In *Williams v. Smith*, 435 S.W.2d 808, 811 (Tenn. 1968), the Supreme Court explained that it is a legal "fiction, that the employee-victim of an intentional, deliberate assault has sustained an accident because it was unexpected and unintended on his part."

because she was the manager on duty and was in control of P.F. Chang's money at the time of the assault." The Plaintiffs contend that testimony from the depositions of Mr. Kilmer and Mr. and Mrs. Doe, recounted in their additional statement of facts filed in opposition to the motion, establish that there are genuine issues of material fact with respect to the "arose out of" requirement. As noted earlier, P.F. Chang's responded to these statements by stating they were immaterial to the issues presented in the motion. To the extent P.F. Chang's intended to dispute the accuracy of a specific statement of fact, it failed to substantiate its dispute by citing to the record, as required by Rule 56.03 of the Tennessee Rules of Civil Procedure; otherwise we treat P.F. Chang's response as an argument as to the materiality of the fact asserted, not as demonstrating that it is disputed. Accordingly, we treat the statements as undisputed and proceed to determine whether the evidence as a whole establishes that the assault arose out of Ms. Doe's employment, as contemplated by the workers' compensation law.

"An injury arises out of employment 'when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work [was] required to be performed and the resulting injury." *Coleman,* 334 S.W.3d at 206 (quoting *Anderson*, 989 S.W.2d at 280). The phrase "causal connection" does not mean "proximate cause as used in the law of negligence, but cause in the sense that the accident had its origin in the hazards to which the employment exposed the employee while doing his work." *Phillips v. A&H Const. Co., Inc.*, 134 S.W.3d 145, 150 (Tenn. 2004) (quoting *Tapp v. Tapp*, 236 S.W.2d 977, 979 (Tenn. 1951)). "Generally, for an injury to 'arise out of' employment, it must emanate from a peculiar danger or risk inherent to the nature of the employment." *Wait v. Travelers Indem. Co. of Illinois*, 240 S.W.3d 220, 228 (Tenn. 2007); *Coleman*, 334 S.W.3d at 204. "[I]f the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment." *Coleman,* 334 S.W.3d at 206 (quoting *Volz v. Southerland*, 292 S.W.2d 385, 388 (Tenn. 1956)). When an injury is "purely coincidental, contemporaneous, or collateral with the employment[, it] will not be considered as arising out of the employment. *Coleman,* 334 S.W.3d at 204 (citing *Foreman v. Automatic Sys. Inc.*, 272 S.W.3d 560, 572 (Tenn. 2008); *Anderson v. Westfield Grp.*, 259 S.W.3d 690, 696 (Tenn. 2008); *Wait v. Travelers Indem. Co. of Illinois*, 240 S.W.3d 220, 228 (Tenn. 2007)).

The Supreme Court has identified three types of assaults in determining whether an injury arises out of employment:

> [I]ssues of whether assaults upon employees arise out of the scope of employment can best be divided into three general classifications: (1) assaults with an "inherent connection" to employment such as disputes over performance, pay or termination; (2) assaults stemming from "inherently private" disputes imported into the employment setting from the claimant's

domestic or private life and not exacerbated by the employment; and (3) assaults resulting from a "neutral force" such as random assaults on employees by individuals outside the employment relationship.

*Woods v. Harry B. Woods Plumbing Co., Inc.*, 967 S.W.2d 768, 771 (Tenn. 1998). Assaults in the first category are compensable under the workers' compensation scheme; those in the second category are not; and whether those in the third category are compensable "depends on the facts and circumstances of the employment." *Id.*

The assault at issue does not neatly fit into any of these categories. Upon our thorough review of the record, we conclude that the third category, with the requirement that we consider the facts and circumstances of employment to determine whether the injury arose out of the employment, is most applicable. There is no evidence that the assault was connected with either Ms. Doe or Rojas-Morin's employment, as there is no evidence of a dispute between Ms. Doe and Rojas-Morin regarding pay, performance, or termination. Neither is there evidence that the assault resulted from a private dispute imported into the employment setting.[7] Further, Rojas-Morin was masked during the entire robbery and assault, so that Ms. Doe had no idea of his identity at the time.

"The determination of whether an injury arose out of and in the course of the employment is a question of fact." *Coleman*, 334 S.W.3d at 205 (quoting *Phillips v. A & H Constr. Co., Inc.*, 134 S.W.3d 145, 149 (Tenn. 2004). This determination must be made by considering each case's own circumstances and "not by resort to some formula." *Anderson*, 989 S.W.2d at 279. Measured against this standard, we conclude that the evidence does not support a finding that this assault was a natural incident of Ms. Doe's employment, nor was it causally connected to her employment. *See Coleman*, 334 S.W.3d at 206.

The assault on Ms. Doe did not occur in order to force her to cooperate by opening the safe; to the contrary, she fully cooperated with the assailant's demands, permitting him to rob the safe. The evidence is clear that the robbery was completed, the money was transferred to a bag, and Ms. Doe was moved to another chair and further restrained before Rojas-Morin sexually assaulted her. Under the facts of this case, the sexual assault was not a risk inherent in Ms. Doe's employment or a condition under which her work was required to be performed; her deposition testimony, included in Plaintiffs' statement of material facts, was undisputed that she did not expect to be raped in her job.

---

[7] In a statement Rojas-Morin gave to police he disclaimed any reason for the sexual assault:

Q: Why did you participate in this robbery?
A: For money for getting out of trouble in Mexico. My family needs money in Mexico, but I never think about the consequences to my family here.
Q: Why did you rape [Ms. Doe] during this robbery?
A: I don't know.

According to Mr. Kilmer, an assault was not a normal component of employment at P.F. Chang's. Based on the undisputed facts, there is not a sufficient nexus or causal connection between the injuries arising from the sexual assault and the nature of Ms. Doe's employment to conclude that the injury arose out of the employment.

The facts and circumstances of this case are distinguishable from those in *Jesse v. Savings Products*, 772 S.W.2d 425 (Tenn. 1989) and *Beck v. State*, 779 S.W.2d 367 (Tenn. 1989), upon which P.F. Chang's relies. In those cases, our Supreme Court applied the street risk doctrine, which provides that an injury is compensable "'if the employment exposes the employee to the hazards of the street that it is a risk or danger incident to and inherent in the employment and provides the necessary causal connection between the employment and the injury,"' and held that the sexual assaults at issue in those cases were compensable under the workers' compensation statutes. *Wait*, 240 S.W. 3d at 228 (quoting *Hudson v. Thurston Motor Lines, Inc.*, 583 S.W. 2d 597, 602 (Tenn. 1979)). In *Jesse*, a customer of a convenience store became angry when the clerk rang up his purchase and chased her into a storeroom, where he raped her; the court held that because the employee "was custodian of her employer's valuable property and was visibly identified as such," the action of the customer was a "reasonably considered hazard[] of [her] employment." 772 S.W.2d at 426, 427. In *Beck*, the employee, who worked as a driver's license examiner at a testing center open to the public, suffered emotional injuries after she was sexually accosted and physically grabbed by a man in the course of her employment. 779 S.W.2d at 368-369. The Supreme Court held that her emotional injuries were compensable under workers' compensation laws because "indiscriminate exposure to the general public was one of the conditions under which her work was required to be performed, and the actions of persons on the premises can be considered a hazard of the employment." *Beck*, 779 S.W.2d at 371. Unlike the facts of *Jesse* and *Beck*, in the case before us, Ms. Doe was in a locked office inside a restaurant that was closed to the public at the time of the assault. The evidence does not show that Ms. Doe was indiscriminately exposed to the general public at the time of the assault, and thus the street risk doctrine does not apply.

## III. CONCLUSION

For the foregoing reasons, the exclusive remedy provision of the workers' compensation law does not apply, and we affirm the judgment of the trial court.

RICHARD H. DINKINS, JUDGE